Mr. Justice WOODBURY
 

 delivered the opinion of. the court.
 

 - The points - which have been argued in this -case are in part connected with matters of form, and in part with what is substance. We shall dispose of the first, before proceeding to examine the last.-
 

 The principal objection in respect to form is, that the court be-lo.w refused to receive what are called in the practice of the State of Louisiana “.
 
 peremptory
 
 exceptions.” These are of two kinds, one as to form; and one as to law. Those in this cáse were.offered as ££ peremptory exceptions, founded in law.” By the Code of Practice in Louisiana, art. 345, such exceptions ££ may■
 
 be pleaded in every stage of the action previous to. the definitive judg
 
 ment.” 1 Louisiana R. 315 ; 4 Martin, (N. S.)' 437. •
 

 ' Hence, though offered here after the pleadings were read, they are admissible, while peremptory exceptions relating to
 
 form
 
 would not be then admissible. See art. 344. The only doubt as to their being duly offered arises from the provision in the 346th article, which requires them to ££ be pleaded specially,” and they are not here in the precise' form of a special plea at common law.. But, in the absence of any adjudged cases to the contrary, we are inclined to think, that, under the liberal and general pleading in usé in Louisiana, these exceptions must be considered as ££
 
 specially pleaded,”
 
 when set forth as they were here in writing, and in a specific or detailed form, and judgment prayed on them in favor of the present plaintiff. Has he then been deprived of the advantage attached to them ? That is the important inquiry. On examination of the record it will be seen, that "he had the benefit of all .these exceptions, first in a motion in arrest of judgment.
 

 Again, he had the benefit of all the important matter in those exceptions by the bill which was afterwards filed and allowed, and upon which this writ of error has been brought. We cannot, therefore, perceive that he has suffered any by the refusal of the court to receive these peremptory exceptions when first offered.
 

 The case in' this respect is like one- at. common law, where the. defendant should propose to demur generally to the declaration, but, being refused, objects to the sufficiency of it to cover various portions of the evidence as it is offered, and also objects to the sufficiency jpf the declaration in arrest of judgment. He thus, by a 'subsequent!-bill of exceptions to the rulings on the testimony and on the •sufficiency of the declaration, obtains every advantage that he could have had under'his general demurrer, and thus suffers nothing which requires .a reversal Of the'judgment and a new trial for. his relief/
 

 
 *289
 
 The next objection of a formal character is, that the court below refused, though requested by the original defendant, to have the clerk take down in writing and file the testimony of the witnésses and the documentary evidence.
 

 It is true, that by a statute of Louisiana, passed July 20th, 1817, their courts are directed to have the testimony taken down
 
 “
 
 in all cases where an appeal lies to the Supreme Court, if either party require it.” It is also true, that an act of Congress, passed May. 26th, 1824 (4 Statutes at Large, 63), has made the practice existing in Louisiana the guide to that in the courts of the United States, when sitting in that State, except as it may be modified by rules of the judge of the United States court.
 

 And it is further shown in this record, that the district judge there, November 20th, 1837, adopted the practice of Louisiana, as then existing, in all cases not of admiralty jurisdiction.
 

 In a cause once decided by this court, which wag connected with this point, Wilcox et al.
 
 v.
 
 Hunt, 13 Peters, 378, it was remarked, that the plea put in there as a part of the. State practice, as the latter had not been adopted, was not received. But the practice there standing differently from that which is urged in this case, that decision does not control the present one.
 

 In considering, then, the propriety of the ruling of the court here, it is first, to be noticed, that, by the words of the statute, this tésti-mony is to be taken down and filed only in those cases “ where an appeal lies.” That means, of course, a
 
 technical
 
 appeal, where the facts are to be reviewed and reconsidered, for in such an one only is there any use in taking them down. But in the present case no appeal of that character lay to this court, but merely a.writ of error to bring the law and not the facts here for reexamination. To construe the act of 1824 as if meaning to devolve on this court siich a reexamination of facts, without a trial by jury, in a case at law, like this, and not one in equity or admiralty, would be to give to it an unconstitutional operation, dangerous to the trial by jury, and at times subversive of the public liberties. Parsons
 
 v.
 
 Bedford et al., 3 Peters, 448.
 

 In a case of chancery or admiralty jurisdiction it might be different, as in those, by the law of the land, a technical appeal lies, and the facts are there open to reconsideration- in this court. Livingston
 
 v.
 
 Story, 9 Peters, 632; McCollum
 
 v.
 
 Eager, 2 Howard, 64.
 

 In this case, likewise, it would be totally useless to have all the facts taken down in that manner, because, if so taken and sent up here, it would be irrelevant and improperly burdening the record, as much as the whole charge and opinion of the judge, instead of the naked points excepted to. See 28th rule of this court, and Zeller’s Lessee
 
 v.
 
 Eckert et al., 4 How. 297, 298. If a case comes up in that manner, this court never reconsiders or reexamines all the facts', but merely the law arising on them, as if a bill of exceptions
 
 *290
 
 had been properly filed.. This has been decided already in Parsons
 
 v.
 
 Armor et al., 3 Peters, 425; Minor
 
 v.
 
 Tillotson, 2 How. 394.
 

 Beside these considerations, showing that neither the words of the statute, nor the reasons for it, reach a case like this, there is another, in the practice and laws of Louisiana, which shows that this provision does not extend to a cause like the present in this court. There the court of appeal, even in cases at law, often decides on all-the facts as well as the law; but not so, here.. The court there máy be substituted for a jury by consent of the parties in a trial at law, and were in this case below. But no such power can be conr ferred on this Supreme Court by parties in cases át law ; and, as before shown, it exists under acts of Congress merely in cases in equity and admiralty.
 

 To conclude on .this point, then, it will be seen' that the plaintiff in error, notwithstanding die refusal to have the clerk take down this evidence;, has enjoyed all the benefit of it under his bill of exceptions, where it was material and he wished to raise any question of law on it, and has enjoyed it as fully as if the whole had been taken down and filed. And thus he loses nothing and suffers nothing by the court refusing to do what we think neither the language nor spirit of the law requires in a case like this. Parsons
 
 v.
 
 Bedford, 3 Peters, 433.
 

 There are two other objections of form, which appear on the record and may well be noticed, though they are not embodied in the bill of exceptions. One is as to the waiver of a trial by jury in-this case in the court below. After a hearing there, it was urged, that, the waiver not having been entered on the record, the court was not authorized to proceed without a jury.
 

 But it would hardly be permissible for a party to proceed without objection in a trial of facts before the court, in a case at law in a State where the statutes permitted it, and the habits of the people under the civil law inclined them to favor it, and then, after a decision- might be- announced which was not satisfactory, to offer such an objection as this. From its not being incorporated into the bill of exceptions, or argued at the hearing before us, a strong presumption arises that it has been abandoned.
 

 The other objection is spread upon the early part of the record, anji was a proper one for the consideration of the court- in that stage of the case, as it went to its jurisdiction. This was urged on the ground, that- the notes mentioned in the petition of the plaintiff below belonged or ran originally to R. Barrow, a resident of Louisiana, in the same State with the defendant, and that his title was assigned to the plaintiff, and thus the latter cannot sue the defendant in this court, if Barrow could not. This position would be well taken under the provision in the 11th section of the Judiciary Act of 1789, if the original .plaintiff had instituted his suit upon the notes as assignee of them. See Towne
 
 v.
 
 Smith, 1 Wood. & Min. 115; Bean v. Smith
 
 *291
 
 et al., 2 Mason, 252; 16 Peters, 315; Stanley
 
 v.
 
 Bank of North America, 4 Dall. 8—11; Montalet
 
 v.
 
 Murray, 4 Cranch, 46. But so far from that, he does not declare at all on the notes. He sets outr a separate and different contract as his ground for recovery, resting on an original' agreement between him and the defendant: and does not set out any assignment, of those notes to himself by Barrow. Even if he counted on -the notes, but not on oY through an assignment of them, this court would have jurisdiction. 6 Wheat. 146; 9 ibid. 537; 2 Peters, 326; 11 ibid. 801; 3 Howard, 576, 577; 1 Mason, C. C. 251; 1 McLane, C. C. 132. The judge below, then, properly overruled this objection.
 

 We come next to the only remaining question in this case, which branches into five or six different exceptions. If is a question of substance, and’ in some Yespects is not without difficulty. It-is whether the ground upon which the objection going to the jurisdiction was overruled is well founded in the declaration and the facts, by showing a separate and independent contract, and'one which had a good .consideration in law.
 

 On looking to the petition, it will be seen that it sets out a sale of land between other parties ;'the mode of payment stipulated ; the agreement between the plaintiff and defendant to become indorsers of certain notes, .and divide between them any loss ; the subsequent failure of the purchaser to pay the notes ; the settlement of them by the plaintiff, and his right under the agreement and facts to recover of the defendant one half of the amount. The whole claim proceeds on the collateral agreement, and there is no pretence of grounding the suit, as holder or indorsee,.on any promises contained in the notes, or in the indorsements on them.
 

 There is also a good consideration for this collateral agreement. It is the promise of the plaintiff beforehand to loose one half, if'the defendant would become a surety with him and loose the other.half, and the actual payment ■ afterwards of the whole by the jfiaintiff. Being then a collateral agreement by parol, which is sued, it stands free from the objection to the parol evidence offered to. prove Jt, Were the action on the notes, and this evidence offered to contradict them, it would be entirely different; because, in an action on a note, parol testimony is not competent to vary its written terms' and probably not to vaiy a blank indorsement by the payee from what the law imports. Civil Code of Louisiana, art. 2256; Stone et al.
 
 v.
 
 Vincent, 6 Martin, (N. S.) 517; 15 La. R. 539; 10 ibid. 205; 1 Peters’s C. C. R. 84; Bank of the United States
 
 v.
 
 Deane, 6 Peters, 59; 3 Camp. N. P. 56, 57; 9 Wheat. 587; 1 Martin, (N. S.) 641; Chitty on Bills, 541; 12 Eas, 4; 4 Barn. & Ald. 454. So, between the contracting parties, likewise,, all prior conversation'is supposed, as far as binding, to be embodied into the written contract. 4 Louisiana R. 269; Taylor
 
 v.
 
 Riggs, 1 Peters, 591: 8 Wheat. 211. But the parol evidence here is not offered
 
 *292
 
 in any action on the note, or to alter its terms or its indorsments ; nor is any prior or contemporaneous conversation offered to vary the note, or its indorsement, in an action founded o.n either of them. But it is offered to prove a separate contract, which was made by parol, and is of as high a character as the law requires in such cases, and this evidence is plenary and entirely satisfactory to substantiate the separate contract. It is true, at the same time, that, after a prior indorser has paid a note, he cannot recover, even in an action, not on it, but for contribution of one half frórr- a second indorser, if they were not in fact joint sureties, nor in fact made any collateral contract whatever, nor in fact had any communication whatever as to their liability. McDonald
 
 v.
 
 Magruder, 3 Peters, 474; 3 Harris & Johns. 125; 7 Johns. 367.
 

 But the present is a case differing,
 
 toto calo,
 
 from that. Here, by a deliberate arrangement before a public notary, and by the positive evidence of two witnesses, the two indorsers were co-sureties, and specially agreed to bear any. loss equally between them ; and the right to recover is, therefore, entirely clear. 3 Peters, 477; Douglass
 
 v.
 
 Waddle, 1 Hammond, 413, 420; Deering
 
 v.
 
 The Earl of Winchelsea, 2 Bos. & Pull. 270.
 

 , There are two or three other views, connected with this part of the case, which may be usefully adverted to, but by which we do not decide it.
 

 Thus, where a person like Phillips, the original defendant, was not a party to a note, but put his name on the back of it, parol testimony has been deemed competent to show the real object for which it was placed there ;\and especially if it did not contradict any legal implication from the name being there. And hence," under circumstances like these, where, as in Louisiana and some other States, it is implied by law that such a person puts his name there as a surety or guarantor, no objection exists to parol proof to. that effect. 10 Louisiana R. 374; Lawson v. Oakey, 14 ibid. 386; Nelson
 
 v.
 
 Dubois, 13 Johns. 175; Dean
 
 v.
 
 Hall, 17 Wend. 214; 5 Mass. R. 358; 12 ibid. 281; 1 Vermont R. 136; Ulen
 
 v.
 
 Kitteridge, 7 Mass. R. 233; 4 Wash. C. C. R. 480; 5 Serg. & Ruwle, 363. In White
 
 v.
 
 Howland, 9 Mass. R. 314, he is held to be liable as if signing with the maker as a surety. But however much, in some States, the practice may go beyond this in suits between the parties to the agreement, as in 1 Hammond, 420, and 5 Serg. & Rawle, 363, it could generally not be.competent to-prove any thing by parol, in actions on the note, contrary to what is written or to what is implied in law. Bank of the United States
 
 v.
 
 Dunn, 6 Peters, 59.
 

 And in other States and in other circumstances, where the inference of law is not that such a name is placed-there as a surety, it is very doubtful whether, in a suit on the note, proof that he did it only as a surety is competent. 6 Martin, (N. S.) 517; Bank of the United States
 
 v.
 
 Dunn, 6 Peters, 59.
 

 
 *293
 
 In England, in the case of such a name on the back of a bill of exchange, the person may be treated as • a new drawer (Chitty on Bills, 241) ; and if thé payee there has also ihdbrsed the note, the implication deemed most proper is, that another' name on the back is that of a second indorser, and should so be held in the hands of third persons. Chitty on Bills, 188, 528; Holt’s Nisi Prius, 470; 5 Adolph. & Ellis, 436; 6 Nev. & Man. 723. So, 6 Martin, 517. It will be seen, however, that these last are generally cases of actions on the notes or bills of exchange themselves, while the present case is not brought on the note itself, but on a distinct and collateral contract.
 

 Another suggestion bearing on the case might be, that in Louisiana the surety, when paying, may step into the shoes of his creditor, if he pleases, by subrogation, and enjoy all his rights against the debtors or other sureties. Hewes et al.
 
 v.
 
 Pierce, 1 Martin, (N. S.) 361; Calliham
 
 v.
 
 Fanner, 3 Rob. (Louisiana) 299; Civil Code of Louisiana, art. 2157. But there the suit is probably in the creditor’s name, and not, as here, in that of the surety. So, in some countries where the civil law prevails, such a contract as this, deliberately made before a notary, and by him reduced to writing by request of the parties, would in law be deemed equivalent to a contract in writing ; and on that ground be admissible even in a suit on the note between the original parties to it.
 

 The doings of the parties thus have a sort of public form given to them,
 
 quasi
 
 judicial, and they are -bound by them, though not signed by the parties. 2 Domat’s Civil Law, b. 2, tit. 1, § 1, art. 28, and tit.'5, § 5, pp. 661, 662. . It would be there deemed an act of too much deliberation by the parties, and of too much formality before that public officer, to be treated merely as an ordinary verbal arrangement. Coop. Justinian, 586 ; 3 Burr. 1671; Story on Bills, § 277. But, though the Louisiana code, founded chiefly on the civil law, may not expressly abrogate such a doctrine, it does not in terms make records by a notary valid, unless signed by the parties,’ or consisting of copies of papers signed by the parties and acknowledged before witnesses. Civil Code, art. 2231,2413 ; 8 Martin, (N. S.) 568 ; 10 Louisiana R. 207, 354.- And though the paper containing this is signed by the parties to the sale and attested by witnesses, it is not signed by Preston and Phillips, the parties to this arrangement.
 

 It is not necessary, however, to decide absolutely on the effect of either oí these last views. Deeming the action here tó be founded on the collateral agreement, and deeming the evidence offered to be competent, for the reasons first stated under this head, these conclusions will virtually dispose of the last six exceptions contained in the record of this case.
 

 Thus, as to Barrow’s deposition, the admission of which was the grofind of one of these exceptions, it is clearly competent to protm this
 
 *294
 
 separate parol contract in a suit on that, and not on the note. So, the certificates and notices, also excepted'to, were properly proved as a part of the collateral transaction under the general expressions in' the petition, and not as notices that should be specially set out in a declaration, where ’ notes are counted on by a holder. In a case like that, the averment of them and the proof are highly material, but in' the former case they are rather historical and merely a part of the
 
 res gestee,
 
 without its being essential to give them in detail. The original plaintiff avers in the petition that the notes were protested, and that he was obliged to pay them, which would not have been the case without due notices ; and this is quite enough in an action on a collateral undertaking.
 

 So, the notaiy’s evidence, which is another of the exceptions, becomes under this aspect entirely competent, and the written 'memorandum made' by him at the time, which is another objection, was also admissible evidence to refresh his memory, if not
 
 per se
 
 of the facts stated.in it. Greenleaf's Ev. §§ 436, 437. That, it was admissible to refresh his memory, see Smith v. Morgan, 2 M. & Rob. 259; Horne
 
 v.
 
 McKenzie, 6 Cl. & Fin. 628. Other cases say such a memorandum is admissible itself to go to the jury. Greenl. Ev. § 437,
 
 note;
 
 1 Rawle, 182; Smith
 
 v.
 
 Lane et al., 12 Serg. & Rawle, 84; 2 Nott & M’Cord, 331; 15 Wend. 193; 16 ibid. 586 — 598. If this last be a rule controverted, the writing here was
 
 “
 
 the act of sale,” and contained other matters as to the .transaction in connection with this as the whole terms of sale, which were clearly competent, and the whole properly, went together to the jury as exhibiting the progress and character of the transaction, beside being admissible to refresh the memory of the witness. Bullen
 
 v.
 
 Michel, 2 Price’s Ex. R. 422, 447, 476.
 

 So, the evidence of the sale of Carr’s property and of the transfer of it to the original plaintiff, Preston, by the sheriff, and the terms of the transfer, though objected to, are mere links in the chain of the transaction, ánd unexceptionable in that view; and were, like the evidénce of the former sale to Carr by Barrow, duly authenticated.
 

 Upon the whole case, then, we are happy to find that no legal objection seems to be tenable.against making the original defendant meet an engagement which, on the record, he appears to have been bound in honor and justice, no less than law, faithfully to discharge. Although the court have deemed it proper thus to deliver an opinion on this case, as it has been argued by the' counsel for the plaintiff. in error, yet the death of the plaintiff has'since been suggested ; and no appearance is entered for the defendant. We shall not, therefore, enter judgment in conformity to the. opinion until the defendant or the representatives of the deceased appear.