## OTIS CLAPP & others *vs.* AURELIA M. RICE & another, Administrators.

Parties who indorse their names on a promissory note before its delivery, for the benefit of the maker, are not liable as joint makers, if the payee afterwards indorses his name above theirs before the note is delivered; and other parol evidence is inadmissible to show that they were joint makers.

Where several persons indorse their names on a promissory note, in order to enable the maker to get it discounted; and some of them afterwards, on the failure of the maker, pay the note; they cannot maintain an action against the others for contribution, without proving that the relation between them was really that of cosureties. But parol evidence of that fact will maintain such an action.

HOAR, J.   This case comes before us upon exceptions to a *pro forma* ruling of the judge before whom it was tried in the court of common pleas, that the plaintiffs were entitled to recover upon the facts appearing at the trial.   The plaintiffs claimed contribution toward the payment of a promissory note which they had paid to the Franklin County Bank.   The note was made by the Troy and Greenfield Railroad Company, and signed by W. T. Davis, the treasurer of the company, payable to the order of W. T. Davis, treasurer, and bore upon its back the indorsement of W. T. Davis, treasurer, and the names of the plaintiffs and of the defendants' intestate.   The names of two of the plaintiffs appear before that of the defendants' intestate, and the name of the third follows it upon the back of the note.   It appeared in evidence that the note was written and signed by Davis, the treasurer, and then, before it was indorsed by him, was sent in succession to the other parties, who placed their names upon it, in order to enable the railroad company to procure it to be discounted by the Franklin County Bank.   After they had written their names upon it, he indorsed it as treasurer, above their signatures.   It was then discounted by the bank, and was paid by the plaintiffs, upon the failure of the maker to pay it at maturity.

Upon these facts, the plaintiffs contend that the defendants' intestate was liable with them as a joint original promisor upon the note.

It is settled by a series of decisions in this Commonwealth

that where a person not a party to a note puts his name upon it before it is delivered as a valid contract, he thereby makes himself an original promisor. The correctness of these decisions, however much they may be obnoxious to criticism upon principle, it is too late to question. They have formed an established rule for the construction of that class of contracts in Massachusetts, which cannot now be disturbed without manifest injustice.

But the doctrine is somewhat anomalous, and is not to be extended beyond the line of adjudged cases. When this note was first passed to any holder for value, so as to make it a valid contract, it was indorsed by W. T. Davis, treasurer, to whose order it was payable. It was therefore never a contract by which the plaintiffs were holden to Davis or to the railroad company. Their names were put upon it, with the obvious understanding and expectation that it would be indorsed by Davis before it should be negotiated. By his indorsement above their names, it was made, in form and effect, an indorsed note, with successive indorsements following. The bank took it in this form, complete and effectual, when it first had any validity; and it has been settled in the recent case of *Prescott Bank* v. *Caverly,* 7 Gray, 217, that under such circumstances it is not competent for the person whose name appears upon the note as an indorser, to show, by parol evidence, that his contract was different from that which such a signature ordinarily imports. See also *Bigelow* v. *Colton, ante,* 309; *Lake* v. *Stetson, ante,* 310 *note.*

In *Peirce* v. *Mann,* 17 Pick. 244, where the payee and owner of a negotiable note procured a third person to put his name upon the back of the note, in order to enable him to use it in payment of a debt, and, after the name was placed upon it, indorsed it himself above the signature of such person, it was held, that the latter was only liable as indorser; and the court said: " It is not unusual, in business, for a third person to indorse a note before it is indorsed by the payee, who is to put his name upon it at the time when it is discounted." We do not think it material in what order of time the several parties to a note affix their signatures, provided they are all placed

upon it when it is first issued as a complete contract.   When the paper upon which the plaintiffs' claim arises first became of, any validity as a promissory note, the plaintiffs and the intestate were parties to it; and the cases cited of signatures by a person not a party have therefore no application.   The decision of the court below was consequently erroneous and there must be a new trial.*

---

* Two similar decisions were made in Boston at January term 1860.

AUGUSTUS G. STIMSON & another *vs.* DANIEL SILLOWAY & another.

ACTION OF CONTRACT against Silloway and Poor as joint makers of a promissory note signed by Silloway, payable to H. W. Moulton, and indorsed " H. W. Moulton.   David S. Poor."   Silloway was defaulted.

At the trial in the superior court in Essex at September term 1859, the plaintiff introduced evidence tending to show that Moulton offered to the plaintiffs, in payment of a debt due from him to them, the note of Silloway, with the name of Poor thereon, and the plaintiffs accepted this offer; that, in pursuance thereof, Silloway, who assisted Moulton in making a settlement with the plaintiffs, procured the note now in suit, and gave it to the plaintiffs in payment of said debt of Moulton; and that Poor's name was on the note when Moulton indorsed it, and when it was negotiated.   But *Morton*, J. ruled, that " inasmuch as Moulton was apparently the first, and Poor was apparently the second indorser on the note, the parol evidence offered by the plaintiff was incompetent to show that in truth and in fact Poor was a promisor."   The plaintiffs submitted to a verdict for the defendant, and alleged exceptions, which were            *Overruled by this court.*

*E. F. Stone*, for the plaintiffs.

٩ *B. Ives, Jr.* for the defendants.

---

### PETER POWERS *vs.* GARDNER K. EASTMAN.

ACTION OF CONTRACT by the plaintiff as indorsee against the defendant as indorser of a promissory note signed by Herrick & Tuttle, payable to the crder of Eastman, and indorsed, " Waiving demand and notice, G. K. Eastman.   Waiving demand and notice, Peter Powers."   The defendant answered " that before said note was delivered to him, the note was indorsed by the plaintiff, whereby he became an original promisor and liable to the defendant as such."

At the trial in the superior court in Middlesex at September term 1859 before *Vose*, J., there was evidence that this note was made, without any consideration between any of the parties, to be discounted at a bank for the benefit of Herrick & Tuttle, and was signed first by Herrick & Tuttle, then by Powers, and then by Eastman, and discounted by the bank for Herrick & Tuttle, and the proceeds applied to their use ; that Eastman and Powers were only accommodation par

But upon another trial it will be competent for the plaintiffs to show, if they can, that the relation between themselves and the intestate was really that of co-sureties, and that they were obliged to pay the note for their mutual benefit. Upon that question, the form of the note is not conclusive, and parol evidence is admissible. The plaintiffs would be allowed to show it, even if they had been promisors and the defendants' intestate an indorser. *Weston* v. *Chamberlin,* 7 Cush. 404. *Phillips* v. *Preston,* 5 How. 278. *Exceptions sustained.*

*C. Allen,* for the defendants.

*D. W. Alvord & S. O. Lamb,* for the plaintiffs, cited *Austin* v. *Boyd,* 24 Pick. 64; *Riley* v. *Gerrish,* 9 Cush. 104; *Chaffee* v. *Jones,* 19 Pick. 260; *Pitkin* v. *Flanagan,* 23 Verm. 160; *Moore* v. *Cross,* 19 N. Y. 227.

ties to the note; and that when the note became due, Powers paid the amount of it to the bank, erased his name, and commenced this suit thereon.

The plaintiff requested the court to instruct the jury "that where a note is made to be discounted at a bank for the benefit of the signer, with the name of the payee and of another person on the back, and both the payee and other person are merely accommodation parties for the signer, the order of time in which the names of the parties are put to the note is immaterial, and the obligation of the several parties is to be determined by the instrument as it appears when finished and offered at the bank for discount, in the absence of any agreement between the parties varying that obligation."

The court refused to give these instructions, and instructed the jury "that if they were satisfied that it was the mutual agreement and understanding of all the parties to this note that it should be made in the form it bears, to be delivered to the bank for the purpose of paying a note on which they were all liable, and that each party to the note should be liable to the bank and to each other, in the order in which their names appear on the note, then their verdict should be for the plaintiff; but if they were not satisfied that such was the mutual agreement and understanding of the parties, nor what that agreement as to their respective liabilities on the note, if any, was, when they signed it, and if they were satisfied that the plaintiff placed his name on the note, after it was signed by the makers, and before it came to the hands of the defendant (the payee) and before the defendant put his name upon it, then the plaintiff stood as an original promisor in relation to this note, and could not recover in this action."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions, which were *Sustained by this court.*

*D. S. Richardson & G. F. Richardson,* for the plaintiff.

*W P. Webster,* for the defendant.