JOHN DUNCAN, APPELLANT, *v.* JOSIAH H. DE WITT, RESPONDENT.

*Complaint — dismissal of — extra allowance — difficult and extraordinary cases — Code, § 309.*

The case having been called for trial, the plaintiff proposed to discontinue, the defendant moved to dismiss the complaint. *Held*, that the complaint was properly dismissed.

To authorize an extra allowance, the case must be both difficult *and* extraordinary. It must involve something unusual, and be such as to require more than ordinary labor and previous preparation by counsel.

APPEAL from a judgment dismissing the complaint, with costs, and an extra allowance.

*George Bell*, for the appellant.

*Samuel A. Noyes*, for the respondent.

Daniels, J.:

When the case was finally called for trial, the plaintiff's counsel proposed to discontinue the action, and the defendant's counsel moved for a dismissal of the complaint. There was no design on the part of the plaintiff to proceed to the trial of the cause on the issue made by the pleadings, and the court proceeded regularly in directing the complaint to be dismissed. The appeal, therefore, from that part of the order, cannot be sustained.

The order directing an additional allowance of costs is the proper subject of an appeal to the General Term, because it subjects the plaintiff to the payment of a sum of money, and for that reason affects a substantial right. (*People* v. *N. Y. Central R. R. Co.*, 29 N. Y., 418; *Hanover Fire Ins. Co.* v. *Tomlinson*, 58 id., 215.)

The action was brought to recover damages for the breach of a contract for the sale of property, and the defense depended upon the plaintiff's failure to perform, in the payment of the purchase-price. If the case was a difficult and extraordinary one, then the allowance was not unauthorized, although it seems to have been large in amount. After an answer has been served by which a defense has been interposed, the court, as the Code now stands, may order an additional allowance of costs, in finally disposing of the case. (Code, § 309.) But to justify the allowance for that reason, the case must appear to be difficult and extraordinary. Previous to 1859, the power was conferred to order additional allowances of costs, when the case was either difficult or extraordinary. But in that year the provision was changed, rendering it necessary that it should be both difficult and extraordinary, before any allowance could be made. This change was significant, and it indicated it to be the purpose of the legislature to restrict the cases, in which additional allowances of costs had previously been made. The terms made use of were in common use and generally well understood; and they were enacted in the law in their ordinary popular sense. They require that there shall be something

unusual in the case, before it can be properly considered an extraordinary one. That term is used by way of contrast to that which may be of constant or frequent occurrence, and when applied to cases brought before courts of justice, it obviously can include only those that are not of the usual description. Ordinary cases may be expected to be tried by counsel, without much labor or previous preparation. But extrardinary cases will commonly be found to require both, and it was that service that the legislature intended to provide the power for compensating by this provision of the Code. Cases of constant occurrence, with the principles of which all counsel may reasonably be presumed to be familiar, can, in no proper sense, be considered extraordinary, and for that reason are not within this provision of the Code. This law, like all others, should be construed according to the reasonable import of its terms, and that requires the exclusion of all ordinary cases from the operation of this provision. If that is not done, then the distinction in the signification of the terms, ordinary and extraordinary, is at once disregarded and rejected; and it was not the intention of the law that any thing of that kind should be done. The words were carefully selected, and so combined in the law that the power to make the allowance was restrained to cases appearing to be both difficult and extraordinary, and the courts are as much bound to observe their intent as they are in other statutory provisions. These allowances add very much to the burthen and expenses of legal proceedings, and they should be reasonably restrained instead of being improperly extended. If they are not, persons in moderate circumstances may be prevented, by the risk of impoverishment, from appealing to the courts of justice for the protection of their rights.

This construction, in several well considered cases, has been placed upon these terms, which appear so plain as hardly to require construction. (*Fox* v. *Gould*, 5 How., 278; *Fox* v. *Fox*, 22 id., 454, 469; 24 id., 385.) In *Bostwick* v. *Menck* (40 N. Y., 383), this provision of the Code was before the Court of Appeals, in an action by the receiver of a judgment debtor to set aside a general assignment of the judgment debtor. A large allowance was made in that case in favor of the plaintiff, which was considered by the court not to be sanctioned by this provision of the Code, because

the case, even though it might have been difficult, was not extraordinary. That the point was considered and decided at that time by the court, is evident from the circumstance that, in the modification of the judgment provided by the decision, the extra allowance was wholly excluded. (Id., 390, 391.) When, if it had been considered a case in which an allowance could have been made, it would simply have been reduced in its amount, instead of being, as it was, rejected altogether. The case was not an extraordinary one, and for that reason the power to make an allowance did not exist, and the order making it was reversed. The decision is a direct authority in support of the construction, which this provision of the Code should receive.

There was nothing before the court showing the present case to have been either difficult or extraordinary. From the pleadings and other proceedings it seemed to have been a simple action for the non-performonce of a contract for the sale of property, one of the most common brought before courts of justice, and, without a formal trial of the issue, it was dismissed. Upon the dismissal an allowance of $1,000 was made. The case was, clearly, one in which no additional allowance should have been made. It was not within the provision of the Code upon this subject, and the order should, therefore, be reversed, and the application denied, but without costs to either party. As to the dismissal of the complaint, the direction should be affirmed.

DAVIS, P. J., concurred. BRADY, J., concurred in the result.

Order for allowance reversed and application denied, without costs. As to dismissal of complaint, direction affirmed.