## PAUL *v.* RIDER.

In assumpsit, brought by one of two indorsers of a note against the other for contribution (the indorsement of the former being apparently prior to that of the latter), the former may prove by parol evidence that they were co-sureties.

ASSUMPSIT, for money paid. The plaintiff and the defendant indorsed certain promissory notes, in order to enable their respective sons, who were copartners, to raise money. The indorsement of the plaintiff's name was prior in position upon the note to that of the defendant, though made at the same time. The notes having been paid at their maturity by the plaintiff and the defendant, the plaintiff, claiming that he had paid more than half the whole amount, sues the defendant for contribution as a co-surety. At the trial, the defendant objected that certain evidence, not material to be here recited, which was admitted by the court subject to his exception, did not tend to show, and that no evidence was legally admissible tending to show, that the relation of co-sureties existed between the parties, and insisted that the legal position and accountability of the parties respectively was that of a prior and a subsequent indorser, and could

not be shown to be otherwise. The defendant excepted to the refusal of the court to order a nonsuit.

*Small* and *Mellows*, for the plaintiff.

*Hatch*, for the defendant.

The liability of the plaintiff and the defendant on the notes is that of successive indorsers under the law merchant. The fact that they were accommodation indorsers does not alter their relation to the note or to each other. The contract was, by each successive indorser, that he would pay if the prior indorsers did not. The prior indorser having paid, has no action against an indorser subsequent to him. *Johnson* v. *Crane*, 16 N. H. 68 ; *Church* v. *Barlow*, 9 Pick. 547 ; *Brown* v. *Mott*, 7 Johns. 361; *M'Donald* v. *Magruder*, 3 Pet. 470 ; *Clapp* v. *Rice*, 13 Gray 403. If this be not the rule, Davis & Co., the last indorsers, are liable to actions by the plaintiff and the defendant for contribution; for they were also accommodation indorsers, and the right of the plaintiff to recover would be for one third only.

There is no evidence in the case which tends to show that the parties agreed or intended to assume any other responsibility to the holder of the note, or to each other, than such as is legally to be inferred from the note itself. Certainly no contract is to be inferred from the relationship of the parties, nor from the fact that they indorsed the note at the same time. See cases above cited. Indeed, the contrary inference must be drawn from these circumstances. The parties are presumed to have understood the legal consequences of the act in the form they gave it. They had opportunity to modify the form of their indorsements, or to express to each other, or to their sons, their meaning to assume a joint and not a successive liability ; but they did nothing of the kind. The plaintiff testifies in the cause, but he does not pretend that he understood that he was making himself a joint indorser or surety. But the plaintiff has paid part of the notes. He was compelled to do so by his contract as third indorser, and he might have been compelled to pay the whole. For all he pays he has his action against the maker and the prior indorsers of the note.

There are decisions to the effect that indorsers of a note may, in an action between themselves, show that they were really co-sureties. *Clapp* v. *Rice*, 13 Gray 403 ; *Phillips* v. *Preston*, 5 How. 288. But when applied to a case where there is nothing between the parties but a parol agreement at the time of making the indorsement, without consideration, or anything to affect the equitable relation of the parties, the doctrine of these cases seems to go too far. The indorsement is a written contract, as precisely limited as if written out. The defendant's agreement was, "If proper demand is made, and notice given, I will pay this note if the maker or prior indorsers do not." And the contract of the plaintiff was exactly the same. *Stimson* v. *Silloway*, 13 Gray 405, note ; *M'Donald* v. *Magruder*, 3 Pet. 474, 477.

FOSTER, J.　It is quite immaterial to the purposes of this suit, in what light the various parties might be regarded by the holders of these notes, whether as successive indorsers or as original makers.　The plaintiff seeks to recover of the defendant upon an independent contract.　He claims to charge the defendant as a co-surety, not by force of any contract, expressed or implied, with the other indorsers, or the holders of the notes, but by virtue of a private understanding between himself and the defendant.　So long as the rights of other persons are not affected, the plaintiff may set up this claim, and the true relation of the parties to each other may be investigated, and their rights and liabilities in that relation determined.　As against this defendant, the plaintiff may prove the existence of a collateral contract, concerning which the notes and indorsements, however conclusive so far as the rights of third persons are concerned, may nevertheless, as between the parties to the collateral contract, be explained, controlled, or rebutted by extraneous evidence.　*Davis* v. *Barrington*, 30 N. H. 517, 524; 1 Pars. Con. 36; *Grafton Bank* v. *Kent*, 4 N. H. 221; *Maynard* v. *Fellows*, 43 N. H. 255; *Nims* v. *Bigelow*, 44 N. H. 376, 380; *Whitehouse* v. *Hanson*, 42 N. H. 9; *Clapp* v. *Rice*, 13 Gray 403.

The parol evidence admitted on the trial, to show that the defendant understood he was a co-surety with the plaintiff, was competent.　The equal interest of the parties in their sons' success, as manifested by their conduct, furnishes evidence for the consideration of the jury of an equitable relation between themselves as co-sureties, founded upon a contract, tacit or expressed.　For such collateral agreement or understanding, a sufficient consideration exists in the agreement of the plaintiff to assume one half the risk if the defendant would become a co-surety with him and assume the other half, and the actual payment afterwards, by the plaintiff, of more than his equitable share.　The agreement, not being in writing, stands free from the objection to parol evidence.　*Phillips* v. *Preston*, 5 How. 291, 292; *Davis* v. *Barrington*, before cited.

*Exception overruled.*

DOE, C. J., did not sit.