No. 2162

Second Circuit

CRAWFORD v. RAWLS

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Bills and Notes—Par. 109, 110, 111.**

Under the Negotiable Instruments Act No. 64 of 1904 makers are primarily liable and endorsers secondarily liable in the order in which they appear on the note.

2. **Louisiana Digest—Bills and Notes—Par. 110, 111; Evidence—Par. 228.**

Under Section 68 of Act 64 of 1904, the Negotiable Instruments Act, makers and endorsers are in the same position as co-sureties and are successively liable to each other in the order in which they endorse, but may be shown by parol evidence to have been jointly liable rather than successively and severally liable.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Red River. Hon. J. W. Jones, Jr., Judge.

Action by R. D. Crawford against O. H. P. Rawls and Homer Rawls.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

L. P. Stephens, of Coushatta, attorney for plaintiff, appellant.

S. R. Thomas, of Coushatta, attorney for defendant, appellee.

WEBB, J. In this action, plaintiff, R. D. Crawford, sought to recover judgment against Homer Rawls and O. H. P. Rawls in the sum of two hundred and fifty-eight and 35-100 dollars with eight per cent per annum interest thereon from November 1, 1920, and ten per cent attorney's fees.

He alleges he was an accommodation endorser on a promissory note drawn by Homer Rawls and O. H. P. Rawls of date June 5, 1920, payable to the order of the Peoples Bank on November 1, 1920, for the sum of five hundred and sixteen and 77-100 dollars, bearing eight per cent per annum interest from maturity and stipulating payment of ten per cent as attorney's fees, etc., and that on the maturity of the note the payee bank called on him to pay and that he paid the amount claimed and became subrogated to the rights of the payee.

Judgment went by default against Homer Rawls and O. H. P. Rawls answered, denying plaintiff's allegations and setting up in effect that he as well as the plaintiff was an accommodation party and that they, defendant and plaintiff, had agreed to assist Homer Rawls in obtaining funds from the payee and that they were co-sureties, and by agreement between them each paid one-half of the amount of the note on the default of Homer Rawls, the accommodated party, and that defendant was not liable for the amount which he had paid.

There was a trial as between plaintiff and O. H. P. Rawls and judgment was rendered in favor of O. H. P. Rawls and the plaintiff appealed.

OPINION

On trial parol testimony was offered and received over the ojection of the plaintiff, which shows the circumstances under which the parties signed the note, from which it appears that plaintiff and defendant, desiring to assist Homer Rawls, had mutually agreed that they would secure the Peoples Bank for a loan by the latter to Homer Rawls, and that with this understanding and agreement the loan was secured, O. H. P. Rawls signing the note as a co-drawer, and R. D. Crawford as an indorser, and subsequently, on the default of Homer Rawls, each of the parties, O. H. P. Rawls and R. D. Crawford, paid one-half of the note.

We do not understand it to be contended that the parol testimony does not show that the parties, O. H. P. Rawls and R. D. Crawford, did not agree to bind themselves as co-sureties for Homer Rawls, but that the sole contention is that parol testimony was not admissible to show the intention of the parties between themselves.

Counsel do not cite any decision from this state which was rendered prior or subsequent to the passage of the Negotiable Instruments Law (Act No. 64 of 1904), in which the identical question was considered. However, prior to the date of the statute, it appears to have been generally conceded that parol testimony was admissible to show the relation between accommodation endorsers (La. Dig., Bills and Notes, No. 111, pg. 922; Phillips vs. Preston, 5 How. 278, 12 L. Ed. 152), and we think that the statute especially author-

izes such proof as between successive endorsers (Sec. 68).

The statute expressly provides that the endorsers are prima facie liable in the order in which they endorse, and the same is true as between the makers and the endorsers, the former being primarily and the latter secondarily liable on the face of the note; but, as between themselves, we do not think the order of liability could not be shown to have been understood to be otherwise, and if the endorsers, who are not on the face of the instrument co-sureties but are successively liable to each other in the order in which they endorse, may be shown by parol evidence to have been jointly liable, rather than successively and severally, we do not see any reason why the same rule should not apply as between the makers and the endorser.

"In the case of successive accommodation parties, such as maker and endorser, or successive endorsers, the general rule is not to consider them as co-sureties * * * unless they specially agree that they are to be bound jointly and not severally; but where such an agreement exists contribution may be enforced and the agreement may be proved by parol evidence, or be evidenced by the circumstances of the case."

Randolph, Commercial Paper, 2nd ed. No. 59.

It is therefore ordered that the judgment appealed from be affirmed.