No. 3517

Second Circuit
(Second Division)

BAZER v. GRIMMETT ET AL.

(June 11, 1931. Opinion and Decree.)

W. H. Scheen, of Shreveport, attorney for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendants, appellants.

CULPEPPER, J. This is a suit brought by plaintiff against two defendants, P. W. Grimmett and W. F. De Priest, to recover on a note. Plaintiff asks for judgment against P. W. Grimmett, as maker of the note sued on, for the full amount thereof, and against W. F. De Priest, as plaintiff's alleged co-surety thereon, for one-half of the amount of the note. The note sued on, which is attached to the petition, was originally for $250, dated Shreveport, La., May 28, 1928, made payable to the order of the Southland Investment Company, Inc., in monthly installments of $25 each, indicated on the margin thereof, beginning June 28, 1928, with 8 per cent. per annum interest on each installment from maturity until paid, and 10 per cent. additional as attorney's fees in event of employment of an attorney to collect same or any part thereof, and conditioned that, in event of failure to pay any installment when due, all the remain-

ing installments shall thereupon immediately become due at option of the holder. The note is signed by plaintiff and both defendants in the following order, viz.: Paul Grimmett, W. F. De Priest, and D. D. Bazer.

Plaintiff alleges that on or about the 28th of May, 1928, P. W. Grimmett obtained a loan from the Southland Investment Company in the sum of $250. He here sets out the manner of payment, interest, attorney's fees, and stipulations as above outlined. He further alleges that he signed the note representing said loan as an accommodation for said Grimmett, and that said De Priest "also signed said note as co-surety with plaintiff." He alleges that Grimmett, having paid the first two installments, failed to pay the third which fell due August 28, 1928, whereupon the holder demanded payment of the whole of the balance of the note, and that, as one of the sureties thereon, he (plaintiff) paid the Southland Investment Company the balance of $200, whereupon said company assigned and transferred said note over to plaintiff; that the whole amount is now due to him by P. W. Grimmett as maker of the note and one-half of the amount is due to plaintiff by said W. F. De Priest, as plaintiff's co-surety, including 8 per cent per annum interest and 10 per cent as attorney's fees. Alleging amicable demand, plaintiff prays for judgment against Grimmett in the sum of $200, with 8 per cent per annum interest from August 28, 1928, until paid and 10 per cent additional as attorney's fees, and also prays for judgment against De Priest in the sum of $100, with like interest and fees; and prays that all payments collected thereon to be credited with the main debt until it has been paid.

The note shows indorsed on the back as follows:

"Without recourse, pay to D. D. Bazer, or order.

"[Signed] Southland Investment Co. Inc.
By_____, President."
   (Cannot make out name.)

Defendant Grimmett made no appearance by answer or otherwise.

Defendant De Priest filed a plea of misjoinder of parties defendant and exception of no cause or right of action, wherein he says: "Defendant shows that he is to be made a co-defendant with one P. W. Grimmett, and that the cause of action against him, if any there be, and that against P. W. Grimmett, are entirely separate and distinct." "That there is no joint cause of action between him and said P. W. Grimmett, and that they should not be made co-defendants."

This defendant also on same date filed another exception of no cause or right of action coupled with a motion to strike out paragraph 3 of plaintiff's petition, as well as that part of the prayer claiming attorney's fees, with interest, "as same in no event could be charged to your defendant." It will be noted that paragraph 3 of plaintiff's petition is the portion of the petition wherein it is alleged that plaintiff signed the note as an accommodation to Grimmett, and that defendant De Priest signed as co-surety with plaintiff.

The plea, exceptions, and motion to strike out were denied and overruled by the court; whereupon defendant De Priest filed an answer admitting he signed the note, but denied liability. He makes the following allegations as a special defense:

"Further answering shows that in the spring of 1928, P. W. Grimmett and D. D. Bazer were maker and endorser, respectively, of a certain note, and in order to secure funds with which to pay said note said P. W. Grimmett and D. D. Bazer negotiated a loan from the Southland Investment Co.

"That the said Bazer could not with his endorsement only secure the money from the said company and your defendant was requested by Bazer to sign the note to accommodate said Bazer and your defendant agreed with the said Bazer to sign the said note with the understanding that the said De Priest would not be liable and was merely accommodating said Bazer and in order that they might have two endorsers on the note according to the rules of the company."

Further answering defendant alleges that:

"The money secured by the note given the Southland Investment Co. was used to pay and satisfy the former note executed by P. W. Grimmett and endorsed by said Bazer, and your defendant has had no benefit from same."

Upon the issues as thus presented, the case was tried, and judgment rendered as prayed for against the defendant P. W. Grimmett for the full $200 called for by the note with interest and attorney's fees, and against the defendant W. F. De Priest for one-half only of that amount, $100; the judgment providing that all payments collected upon the judgment against De Priest are to be credited upon the judgment against Grimmett. Defendant De Priest alone has appealed.

Counsel for defendant De Priest contends that the plaintiff brought this suit against his client upon the theory of suretyship, and against defendant Grimmett under the provision of the Negotiable Instruments Law, section 121 of Act No. 64 of 1904; that plaintiff's rights of action being founded on different causes or sources, one under the provisions of article 3058 of the Civil Code, and the other under the Negotiable Instruments Law, plaintiff cannot join the two defendants in the same suit. Since counsel has presented his argument upon the questions of plea of misjoinder and no cause of action together, we shall discuss them in that man-

ner. He cites article 3058 of the Civil Code to the point that plaintiff had no right or cause to sue De Priest unless and until he first complied with the provision of the article by waiting until he himself was sued by the holder of the note and had paid the note in consequence of such suit. Article 3058 reads as follows:

"When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share of each; but this remedy takes place only, when such person has paid in consequence of a lawsuit instituted against him."

It is admitted that plaintiff did not pay the note he sues upon in consequence of a lawsuit against him. In fact he has not so alleged. Counsel for De Priest has cited no authorities in support of his contention, but relies upon the plain language of the Code. The language of the article does appear to be clear and unambiguous.

The pertinent question here, however, is whether, under the allegations of the petition, plaintiff has set up a cause or right of action even though he has not alleged that he paid the note in consequence of a lawsuit instituted against him. Under the holding of the Supreme Court in Fox v. Corry, 149 La. 445, 89 So. 410, 415, we think plaintiff has alleged a cause of action. In that case plaintiff alleged he and defendant were co-sureties on a $5,000 note; that he took up and paid the note, and is suing defendant as transferee thereof. He did not allege that he paid the note in consequence of a lawsuit. Defendant in that case filed an exception of no right or cause of action upon the ground that plaintiff had not alleged he paid the note as a result of a lawsuit as provided by the article of the Code. The court in passing upon the point thus raised said:

"We need not go into that question, since, if so be that plaintiff has not properly set forth in his petition the equitable right of action conferred by said article 3058, he certainly has in a very full manner set forth a right of action as transferee of the bank. This he has done by alleging all the facts. * * * The notes are annexed to the petition, and they show the indorsement, * * * and the transfer by the bank to plaintiff without recourse."

In that case there were several notes involved, but the pertinent issues on this point were narrowed down to the $5,000 note in the opinion on rehearing in the case. The facts alleged in the petition, as bearing upon the question there under consideration, were very similar to the facts set up in the petition in this case. The note sued on in the present case is also attached to plaintiff's petition and made a part of same. It shows to have been formally assigned and transferred over to plaintiff by the Southland Invest-ment Company, Inc., the original payee. The same therefore may be said in this case as in the Fox v. Corry case, that plaintiff has set forth a right of action as transferee of the note even though he has failed to allege upon the equitable provision of the article of the Code. The exceptions of no cause or right of action were therefore properly overruled by the trial judge. Since the court likewise overruled the plea of misjoinder of parties defendant and the motion to strike out, and the case was tried and determined upon the merits, we see no good reason to hold the court was in error and remand the case solely on that ground. Both parties have had their day in court, and the case is now before this court with benefit of the record as made up in the lower court. We therefore shall consider and pass upon the merits from the record as made up, as we feel that neither party can be prejudiced by our doing so.

Plaintiff testified frankly that the money derived from the loan from the Southland Investment Company, Inc., for which the note he is suing on was given, was borrowed for the purpose of paying off and satisfying the note which he and P. W. Grimmett, the other defendant in this suit, had previously given to the West End Bank in Shreveport, and which had fallen due. He admits that he knew, at the time of executing the note sued on by him, that the proceeds of the loan thereby obtained were to be used with which to pay off the former note of his and Grimmett's. He admits that De Priest requested him to secure a chattel mortgage from Grimmett at the time upon some of Grimmett's property as collateral security on the note and that he did make an effort to get the chattel mortgage, but failed.

Plaintiff, further testifying, made the voluntary statement that the West End Bank note was really a renewal of a still prior note that he was on for the Big Four Garage. So it will be seen that plaintiff had an interest in securing the loan represented by the so-called West End Bank note. The proceeds of that loan were used to take up a former note he was on. He does not say whether Grimmett was on the former note or not. The West End Bank note, which is in evidence, shows it was executed by Grimmett and plaintiff. Grimmett's name is signed first, then the signature of plaintiff. De Priest's name does not appear on that note. He was not a party to it; hence had no interest to conserve when he signed the note sued on.

Plaintiff testified he signed as surety for Grimmett on the West End Bank note; also contends he signed the note sued on as surety for Grimmett. Owing to the cir-

cumstances under which, and purposes for which, he signed the note sued on, he is to be deemed as maker with Grimmett in respect to De Priest and not surety, and De Priest was only a surety for both of them as an accommodation party only. Plaintiff had a primary legitimate object to accomplish for himself in signing the note; therefore his act was not for an accommodation as respects De Priest.

"While a party's intent may be to aid a maker of note by lending his credit, if he seeks to accomplish· thereby legitimate objects of his own, and not simply to aid maker, the act is not for 'accommodation.'" Words and Phrases, Third Series, vol. 1, page 110, Accommodation.

In Seymour & Co. v. Castell et al., 160 La. 371, 107 So. 143, 144, wherein defendant Cowley was seeking to evade liability as co-surety upon the ground that he received no consideration from the notes signed by him, the court said:

"It is true Cowley was only secondarily liable as an accommodation indorser on the original note, but, when that note matured and was not paid by the maker, Cowley became bound as a primary obligor, and it was . at his request that the holder of the original note consented to extend the time of payment, and to accept the several notes sued on in lieu thereof with Cowley, as one of the makers.

"It needs no citation of authority to sustain the proposition that the division of the amount of the original note, when it became due, and when the liability of the indorser had become fixed and determined, into weekly installments to be paid in future, furnished an adequate and legal consideration for the signing of the said notes by Cowley."

This case is cited and quoted from to the point that plaintiff in the present case became a primary obligor and joint maker with Grimmett, for a valuable consideration, of the note sued on by him, for the reason that his obligation on the original note of his and Grimmett's made him so when it became due and his liability thereon as indorser became fixed and determined. Furthermore, the evidence shows that he interested himself in securing the loan represented by the note sued on, . which also evidences his interest therein. The evidence shows also that plaintiff's interest extended back even further than the West End Bank note, as that note itself represented money borrowed with which to settle a former note he was on in favor of the Big Four Garage.

Under these circumstances, plaintiff being bound as a principal debtor and joint maker of the note in suit, his payment of same to the holder operated to extinguish the debt by confusion in so far as defendant De Priest was concerned.

"When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation." Civ. Code, art. 2217.

"The confusion that takes place in the person of the principal debtor, avails his sureties." Civ. Code, art. 2218.

There seems to be no doubt, under the evidence, in this case, that plaintiff can have no recourse against this defendant De Priest, for the reason that plaintiff was maker of the note he sues on and De Priest was his surety. When the maker discharged the note, he was in effect paying his own debt, and it became extinguished in so far as De Priest was concerned; hence discharged De Priest.

For the reasons assigned, the judgment appealed from is hereby reversed in so far as appellant is concerned, and there is therefore judgment in favor of defendant W. F. De Priest, rejecting plaintiff's demands against him, with costs of both courts.