**RICE v. PASSMAN.**

**No. 6165.**

Court of Appeal of Louisiana.
Second Circuit.

May 3, 1940.

J. Norman Coon, of Monroe, for appellant.

W. F. Pipes, of Monroe, for appellee.

DREW, Judge.

F. T. Allen lived in Jackson, Mississippi, and was employed by D. H. Rice. It was necessary that he own an automobile to carry on his work, but he did not have funds with which to purchase a car and he also owed some debts which it was necessary that he pay at that time. Allen did not have sufficient credit standing to borrow from the bank without endorsement. Arrangements were made with the Capital National Bank in Jackson, Mississippi, for him to secure a loan of two to three hundred dollars. He executed his note to the Bank for the amount borrowed and it was endorsed by his employer, D. H. Rice. This note was executed in the year 1936. The note was not paid at maturity, although reduced to the amount of $175. It was renewed on several occasions by giving a new note, which was always endorsed by D. H. Rice.

In August, 1937, Allen left Rice's employ and began working for Otto E. Passman in Monroe, Louisiana; however, when Allen was ready to leave the employ of Rice, the latter insisted that the note be paid, which Allen was not financially able to do. He did, however, get Passman to agree to endorse the note with Rice, so a new one was executed by Allen and endorsed by Rice and then by Passman.

The old note was taken up and presumably destroyed. This last note was renewed several times and the record clearly shows that it was on each occasion endorsed by Rice and then by Passman. On more than one occasion, the note was presented to Passman for his endorsement without the endorsement of Rice being thereon and on each such instance Passman refused to endorse it until the note was returned to Rice and his endorsement placed thereon.

The last time the note was renewed, it was executed by Allen and under Allen's name as maker, the name of D. H. Rice was signed, and shows to have been scratched out with ink. At the top of the note on the body is a blank line and in typewriting under the line is written "Dave Rice". Below this line another one was made by typewriter and underneath the line in type is written "Otto E. Passman". On this line above the printed name is the signature of Otto E. Passman. The line for Dave Rice to sign on is left blank, but underneath and below Passman's signature is that of D. H. Rice. Below Rice's signa-

ture is the transfer of the note to Rice by the Bank.

When the note became due, Rice paid it and had it transferred to him and has brought this suit against Otto E. Passman seeking to recover on the note, his contention being that he endorsed the note for the accommodation of Allen and Passman, the first endorser, and that since Passman was a prior endorser to him, Passman is liable to him for the value of the note.

In answer, Passman denies any liability on the note. He alleges that he endorsed it for the accommodation of Allen, the maker, and Rice, the endorser. He further alleged that Rice became primarily liable on the note at its maturity and when he paid the note, it became extinguished by confusion; that as between Rice and himself, Rice was the maker of said note.

In the alternative, Passman alleged that if he is liable on the note, such liability could not exceed one-half the principal amount due on said note.

The lower court tried the case on these issues and rejected the demands of plaintiff. From this judgment, he is prosecuting this appeal.

█ The record makes it clear to our minds that after Allen left Rice's employ, Rice was very anxious to be released from liability on the note and that he tried to secure Passman as a prior endorser on several renewal notes, but that Passman was unwilling to trade places with Rice. He was willing to endorse the note, but only after it had first been endorsed by Rice. Passman was clearly an accommodation endorser for Allen and, we think, for Rice also. Passman never secured any money secured by the note and in fact not any money was paid to anyone on the renewal notes. The only money paid was when the original note executed by Allen and endorsed by Rice was accepted by the Bank in 1936 and used principally to purchase a car to be used in the business of his employment with Rice. Rice was at least interested to that extent in Allen securing the money originally. When the note became due and was unpaid, Rice became primarily liable to the Bank with Allen. This was long before the endorsement of Passman was secured on a renewal note.

Just why Passman signed as endorser on the note sued on before Rice had placed his signature thereon in the space provided therefor is not made clear, unless it was that Rice had signed as maker on the face of the note. The fact that the bank officer had prepared the back of the note for Rice to sign at the top and Passman below, clearly shows that the Bank understood that Rice was the first endorser and Passman the second, and the testimony shows that Rice and Passman both so considered that to be.

█ The best rule under Section 68 of Act 64 of 1904 is that as between payee and endorsers, or a holder in due course and an endorser, parol evidence is not admissible to vary or explain the agreement or endorsement, but between the endorsers themselves, parol evidence is admissible to explain or prove the agreement or understanding had between them. However, it will always take strong evidence to change or alter that shown by the note itself. Prestenbach v. Mansur, 14 La.App. 429, 125 So. 310, 129 So. 445; Crawford v. Rawls, 6 La.App. 372.

In this case, the inescapable conclusion from the testimony is that Passman was at all times a subsequent endorser and Rice a prior endorser on the note. There is no testimony to show they were co-sureties.

The case of Bazer v. Grimmett, 16 La. App. 613, 135 So. 54, decided by this court in 1931, is very similar to the one at bar. Applying the holding in that case to the suit at bar, we find that Rice was only secondarily liable as an accommodation endorser on the original note, but when that note matured and was not paid by the maker, Allen, Rice became bound as a primary obligor and it was at his request that the Bank consented to extend the time of payment upon being furnished a renewal note with the additional endorsement of Passman. Therefore, so far as Passman is concerned, he was an accommodation endorser for both Allen and Rice, and as to him they were both makers of the note. It then follows that when Rice paid the note to the Bank it was extinguished by confusion, insofar as liability attached to Passman.

The judgment of the lower court is correct and is therefore affirmed, with costs.