THE CITY OF KEOKUK v. MERRIAM.

1. **Pleading**: MUNICIPAL CORPORATION: MANDAMUS. In an action of mandamus to compel a municipal officer to submit his books of account to the officers authorized to inspect them, where the defendant pleaded that he had resigned his office, it was *held* that the answer was subject to demurrer, since he might withhold the books notwithstanding the resignation.

2. **Mandamus**: PUBLIC OFFICER. Replevin would not be the appropriate remedy of a corporation for the wrongful detention of its books by a public officer after resignation. Mandamus is the proper method of compelling the performance of an official duty.

*Appeal from Lee Circuit Court.*

FRIDAY, OCTOBER 20.

THE plaintiff showed in its petition in substance that the defendant was clerk of the city council of Keokuk, and that by ordinance of said city it was made his duty to act as collector of said city, and keep appropriate books; that in the discharge of his duty as collector he kept a cash book; that by ordinance it was provided that the mayor should have general supervision of all the city officers, and should, as often as he should deem necessary, examine into the condition of their respective offices, the books, papers and records therein; that the mayor deemed it his duty to examine into the condition of the office of the clerk and the books and records therein, and demanded of the defendant the said cash book, and that the defendant refused to allow the mayor to examine said cash book.

The plaintiff prayed in its petition for a writ of mandamus commanding the defendant to turn over to the plaintiff the said cash book, and allow the mayor and the city council free access to the books, papers and records of his office.

The defendant answered, averring, in substance, that after the commencement of this action he resigned his office, and that his resignation was accepted; that one Curtis had been elected and qualified as clerk; that he had turned over to said

Curtis all the books and papers pertaining to his office; that he had never withheld from the constitutional authorities of said city of Keokuk any cash book which said city had a right to investigate; that he was not amenable to the proceedings in mandamus, because the plaintiff had an adequate remedy by replevin; that the city of Keokuk had no authority to provide that the clerk of the city council should act as collector; and that since he had passed out of office, the city council had made a full settlement with and paid him a balance which was found due him.

The plaintiff demurred to so much of the answer as set up the defendant's resignation, and to so much as alleged that plaintiff had an adequate remedy by replevin.

The defendant moved to strike the demurrer from the files, because the same was not filed in time; which motion, so far as the record shows, was not ruled on.

The court sustained the demurrer, to which defendant excepted.

The court then made the following finding and order: "I find it was the duty of B. S. Merriam, as clerk of the city of Keokuk, to keep an account of the receipts of delinquent taxes, and the payment of redemptions. Also an account of the payment to purchasers at tax sales of real estate, and that the book in question is the book in which those accounts were kept by defendant, as clerk of the city council; and the book also contains a cemetery account, and is the book from which was copied the cemetery account, copied in this book, marked 'Exhibit B,' and being the book showed by Mr. Merriam to the mayor and finance or investigating committee, and shown in part, and he refused to deliver the same; this demand and refusal was before the commencement of this suit.

"It is, therefore, ordered and adjudged by the court, that defendant, B. S. Merriam, be commanded, and is hereby commanded, to deliver said book to the clerk of the city council of said city of Keokuk, within forty days from this date.

"The court further orders that said book be presented to this court at the next term thereof, for such other order as the

court may then make, and that defendant pay costs of this proceeding." Defendant appeals.

*D. F. Miller, Sr., W. B. Collins* and *Gillmore & Anderson,* for appellant.

*Craig & Collier* and *John Gibbons,* for appellee.

ADAMS, J.—I. The appellant assigns, as the first error, the overruling of his motion to strike the demurrer from the files. But as the record shows no ruling upon the motion, we must presume it was waived.

II. It is claimed that the court erred in sustaining the demurrer. The part of the answer demurred to showed defendant's resignation, and the election and qualification of his successor. Such facts alone would not constitute a defense. If the defendant still withheld the books of the city, he was omitting to perform a duty which the law imposed upon him.

In one view, the averments as to his resignation and the election and qualification of his successor were proper. They were followed by an averment that he had turned the books of his office over to his successor. If the averments as to his resignation and the election and qualification of his successor were to be taken simply as showing that he had a successor, and as introductory to the averment that he turned the books over to his successor, we should think the court erred in sustaining the demurrer to that part of the answer; but the averments are all made and numbered in separate sub-divisions of the answer; and we infer from appellant's argument that he relied upon the fact of his resignation as a sufficient defense of itself.

The other portion of the answer demurred to is the statement that the plaintiff had an adequate remedy by replevin. 2. MANDAMUS: public officer. We think such remedy would not be adequate. If the books could not be found, the plaintiff could only have obtained judgment for their value, and it might have been impossible to show their value. We should deem it very unsafe to hold that where a municipal officer conceals or withholds the books of the corporation, possibly

to cover his own defaults, the only remedy of the corporation is by replevin. We do not understand that it is claimed by appellant that mandamus will not be proper in such case if the defendant is still in office. But it is said that the defendant being no longer in office, he was not amenable to mandamus. Mandamus is the proper remedy to compel the performance of an official duty. At the expiration of a term of office, it is the official duty of the officer to surrender the books of his office. This duty, we think, so far as the remedy for its enforcement is concerned, does not become less an official duty because it is neglected until the office has expired.

III. The appellant complains of the findings of the court, but it is objected by appellee that the abstract does not show the evidence, and we think the objection is well taken.

There is a statement in the abstract of what the evidence proved, and what it tended to prove; but it is not an agreed statement, nor is it contained in a bill of exceptions. Such being the condition of the abstract, we cannot review the findings of the court.

AFFIRMED.