STATE, EX REL. CUMING COUNTY, V. JAMES W. SHEARER.

[FILED MAY 6, 1890.]

1. **County Clerk**: MUST REFUND SURPLUS FEES. It is the duty of a county clerk to report all the fees of his office and pay the excess over the amount to which he is entitled into the county treasury.

2. ———: MANDAMUS AFTER EXPIRATION OF TERM. This duty is personal to himself, and in case of his failure to perform his duty in that regard, a *mandamus* may be issued even after the expiration of his term of office to compel the performance of such duty.

ORIGINAL application for *mandamus*.

*P. M. Moodie,* and *H. C. Brome,* for relator:

Expiration of term of office is not a defense (*State v. Warner,* 55 Wis., 271; *People v. Collins,* 19 Wend. [N. Y.], 56; *People v. Treasurer,* 37 Mich., 351; *People v. Supervisors,* 100 Ill., 332); even when, as in this case, the duty is a personal one (*State, ex rel. Cressman, v. Barnes,* 16 Neb., 37.) An action to recover back the money is not an adequate remedy, such as will defeat *mandamus.* (High, Ex. Legal Remedies, sec. 35; *State v. Dougherty,* 45 Mo., 294, and cases.) The illegal action of the board in allowing the extra fees is no defense. (*Supervisors v. Knipfer,* 37 Wis., 496; *Wilson v. Glover,* 3 Pa. St., 404; *State v. Bates,* 36 Vt., 387; *Bowers v. Com'rs,* 25 Pa. St., 69; *Manley v. Atchison,* 9 Kan., 358; *Supervisors v. Wandel,* 6 Lans. [N. Y.], 33; *Inhabitants v. Stanley,* 60 Me., 472; *Supervisors v. Jones,* 19 Wis., 61.)

*J. C. Crawford,* and *M. McLaughlin, contra:*

Where there is an adequate remedy at law *mandamus* lies only when the liability of the respondent has been

definitely ascertained. (*State v. School Dist.*, 8 Neb., 92; *State v. Nelson*, 21 Id., 578; *State v. Babcock*, 22 Id., 48; *State v. Kinkaid*, 23 Id., 647; *People v. Martin*, 4 Id., 49; 4 Wait's Act. & Def:, 376; *Hussey v. Hamilton*, 5 Kan., 462; *State v. Bridgman*, 8 Id., 459; Dillon, Munic. Corp. [3d Ed.], secs. 827–8, 850; High, Ex. Legal Rem., sec. 10.) *Mandamus* will not lie where it is shown that the writ will be unavailing. (Maxwell, Pl. & Pr. [3d Ed.], 717, and cases; *People v. R. Co.*, 8 Am. Rep., 631; High, Injunctions, sec. 14; *Bassett v. School Directors*, 9 La. Ann., 513; *State v. Perrine*, 5 Vroom [N. J.], 254; *People v. Supervisors*, 15 Barb. [N. Y.], 607; *People v. Hayt*, 66 N. Y., 606; *Com. v. Supervisors*, 29 Pa. St., 121; *Governor v. Justices*, 19 Ga., 97; 4 Wait's Act. & Def., 377.) The payment to respondent was voluntary and cannot be recovered back. (4 Wait's Act. & Def., sec. 5, pp. 476–9, and cases; sec. 12, pp. 484–7, and cases; 502–3, and cases; *Bayha v. Webster Co.*, 18 Neb., 131.)

MAXWELL, J.

This is an original action brought in this court to enforce the performance of an alleged public duty. It is stated in the petition that:

"Your relator now is, and at all the dates hereinafter mentioned has been, a county of the state of Nebraska, duly organized and existing by virtue of the laws of said state, and the respondent, James W. Shearer, was, at a general election duly held in and for said county of Cuming, on the 3d day of November, 1885, duly elected to the office of county clerk of said county for the term of said office commencing on the 7th day of January, 1886, and terminating on the 5th of January, 1888, and having duly qualified therefor, did, for the term of said office and between said dates, hold said office and exercise the duties and functions thereof. That said respondent was entitled

State, ex rel. Cuming Co., v. Shearer.

to receive and retain from fees received by him, as such county clerk for said term of said office, for his services as such county clerk the sum of $3,000 and no more; that respondent was, by the board of county commissioners of said county, allowed to employ one deputy clerk and no more for said term of said office, the salary or compensation allowed such deputy being fixed by order of said board of county commissioners at the sum of $700 per annum, and respondent was entitled to receive and retain from fees received as such county clerk for said term, on, account of the compensation allowed for the services of said deputy clerk, the sum of $1,400 and no more; that said sum of $3,000, the salary of respondent for said term of said office, and the said sum of $1,400, the salary of the deputy of said respondent for said term of said office amounting in the aggregate to the sum of $4,400, was all the money that respondent was entitled to receive and retain from the fees received by him as such county clerk for said term of said office; that respondent received and entered upon his fee book, as such county clerk, the sum of $5,335.88, fees of said office for said term; that respondent also received during said term of said office, but did not enter the same upon his fee book as such county clerk, the following sums:

For making tax list for the year 1886................$650 00
For making tax list for the year 1886................ 700 00
For salary as clerk of the county board of said
    county for the said term ending January 5, 1888, 800 00

"That respondent actually received as fees of said office for his term aforesaid the sum of $7,485.88; that by law it was and is the duty of respondent to pay into the county treasury of said county of Cuming all of said sum; excepting the aforesaid sum of $4,400, to-wit, the sum of $3,085.88, yet respondent, disregarding his duty in the premises, and to the great injury and prejudice of relator, has at all times neglected and refused and does now refuse

to pay said sum or any part thereof into the treasury of said county excepting the sum of $405.88 and no more; that respondent unlawfully retains and refuses to pay into the treasury of said county of Cuming, as by law required, the sum of $2,680, being the excess of fees received by him as such county clerk for said term of said office over and above the sum by law allowed said respondent as such county clerk and over and above the said sum of $405.88 paid into said treasury by the said respondent as hereinbefore recited."

To this petition the defendant has interposed a general demurrer and the cause is now submitted thereon.

If the allegations of the petition are true the defendant was the county clerk of Cuming county during the years 1886 and 1887, and while he was such clerk collected a considerable sum of money for fees in excess of the amount allowed by law which he has not reported or paid into the county treasury. This excess it is his duty to pay into the treasury. This duty is personal to the defendant himself, and does not devolve upon his successor, and the fact that his term of office has expired does not release him from the obligation.

The question here presented was very fully considered in *State v. Leidtke,* 12 Neb., 171. As the defendant, in case of an adverse decision, desires to answer and take issue on the facts stated in the petition, the demurrer will be overruled and leave given the defendant to answer within twenty days.

JUDGMENT ACCORDINGLY.

THE other judges concur.