# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

(No. 13269.—Judgment affirmed.)

THE PEOPLE *ex rel.* The First National Bank of Hammond, Indiana, Defendant in Error, *vs.* JACOB CZASZEWICZ, Plaintiff in Error.

*Opinion filed October 23, 1920—Rehearing denied Dec. 9, 1920.*

1. MANDAMUS—*when officer may be compelled to perform act after expiration of term of office.* Mandamus will not be awarded to compel an individual to do an official act after the expiration of his term of office where the action required is such as can be performed only by the incumbent of the office, but where the action is personal and does not devolve upon the successor in office its performance may be compelled by *mandamus.*

2. SAME—*when mandamus will lie against former city treasurer.* The writ of *mandamus* will lie to compel a former city treasurer to pay over to his successor in office a sum of money retained by him for which, in his report to the city, he has taken credit as having been paid out in satisfaction of certain special assessment bonds belonging to the relator which had been surreptitiously obtained by the treasurer and not, in fact, paid.

3. SAME—*right to jury trial may be waived by parties proceeding without objection.* A *mandamus* proceeding is an action at law and the parties to it have the right to have the issues of fact tried

by a jury, but this right will be waived if the parties proceed with the trial before the court without objection.

4. SAME—*writ should run in name of people whether right is private or public.* Where the remedy by *mandamus* is resorted to for the purpose of enforcing a purely private right the person interested in having the right enforced is considered the real party in interest and must become the relator, but where the object is the enforcement of a public right the people are regarded as the real party and the relator need not show that he has any legal interest in the result, although in either case the writ should run in the name of the people.

5. SAME—*existence of another remedy at law does not exclude right to writ.* Where a writ of *mandamus* will afford a proper and sufficient remedy, the existence of a remedy upon an action at law against the defendant and his sureties does not exclude the right to the writ.

6. SAME—*conflict of testimony does not affect right to writ.* The writ of *mandamus* will be granted only where the right is clear and unequivocal, but if the court finds the facts to sustain the right to the writ it will be awarded regardless of a conflict in the testimony by which the facts are established.

7. ESTOPPEL—*city is not estopped by action of council in approving false report.* A city is not estopped by the action of the council in approving an outgoing treasurer's report containing a false claim of credit.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

SAMUEL K. MARKMAN, for plaintiff in error.

BURTON, KANNALLY & MEGAN, (CHARLES P. MEGAN, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon petition of the First National Bank of Hammond, Indiana, the circuit court of Cook county awarded a writ of *mandamus* requiring Jacob Czaszewicz, former city treas-

urer of the city of West Hammond, Illinois, to file with the city clerk of West Hammond a correct, full and detailed account of all the receipts and expenditures of the corporation and all of his transactions as city treasurer during the fiscal year ending April, 1915, showing the state of the treasury at the close of the fiscal year so far as it related to the money to the credit of four certain special assessment funds, and to deliver and pay over forthwith to his successor in office $2300 to the credit of those funds. The Appellate Court affirmed the judgment and a writ of *certiorari* was awarded to bring the record before us for review.

It will not be necessary to an understanding of the case to follow the course of the pleading, which reached a surrejoinder and included several demurrers. The facts upon which the judgment rests are as follows: The First National Bank of Hammond owned seven improvement bonds of the city of West Hammond, amounting to $2300. At the expiration of his term of office, on April 30, 1915, the plaintiff in error made a report showing the payment of those bonds, took credit for the amount of them and delivered them to the city. The bonds were not, in fact, paid but had been obtained surreptitiously by the plaintiff in error and their loss was not discovered by the bank until an examination of the bank in May, 1915, by a bank examiner. It was alleged that the bank requested the city to make a demand upon the sureties of the official bond of the plaintiff in error for the sum of $2300 and institute such proceedings as might be necessary to secure the payment of that sum of money, but the city failed to do so. The facts were controverted on the trial, but the issue having been found against plaintiff in error it must be regarded that all controverted facts were established against him.

The plaintiff in error contends that *mandamus* will not be awarded to compel an individual to do an official act after the expiration of his term of office; and this is true if the action required is such as can be performed only by

the incumbent of the office, as, for instance, the signing of·
a bill of exceptions by a judge or the assessment of omit-
ted property by an assessor, but where the action sought
to be compelled is personal and does not devolve upon the
successor in office its performance may be compelled by
*mandamus.* In the former case no person but one clothed
at the time with official authority can perform the act; in
the latter no person but the individual who once held the
office but does so no longer can perform it. In such case
the performance of the public duty imposed upon the in-
dividual by reason of his office may be compelled by *man-
damus.* In *People* v. *Kilduff,* 15 Ill. 492, the writ was
granted against an ex-mayor to compel him to deliver the
seal, books, papers and muniments of his office, the prop-
erty of the city, to the proper city officers. The court
quoted Tapping on Mandamus, page 94, as follows: "The
court of King's Bench is in the constant habit of grant-
ing a *mandamus* to command municipal and parish offi-
cers, magistrates, etc., on the determination of their official
duties, to deliver up the ensigns of their offices. * * *
So it lies to command an ex-officer, as a mayor or his dep-
uty, to deliver to the present mayor the common seal, books,
papers, muniments, records, insignia, mace and chest keys,
being the property of the corporation." The writ lies not
only to compel the delivery of chattels, but also the pay-
ment of money received in an official capacity which it is
the duty of the officer to pay to his successor or into the
municipal treasury. It has been granted to compel a county
clerk to report the fees of his office and refund the excess
over the amount which he was entitled by law to retain;
(*State* v. *Shearer,* 29 Neb. 477;) to compel a probate
judge to do the same thing; (*Finley* v. *Territory,* 12 Okla.
621;) to compel a former municipal officer to submit books
of account to the officers authorized to inspect them; (*Keo-
kuk* v. *Merriam,* 44 Iowa, 432;) and to compel a village
treasurer to distribute license moneys among school districts

in the manner and proportion provided by law though he had paid out illegally all the money in his hands. (*Kas v. State,* 63 Neb. 581.)   In *Roberts* v. *United States,* 176 U. S. 221, *mandamus* was awarded against the treasurer of the United States, commanding him to pay to the relator interest on certificates of the board of audit of the District of Columbia.

This cause was tried by the court without a jury and the record shows no express agreement to waive a jury.   The plaintiff in error contends that in the absence of an express waiver the court was without power to determine the questions of fact without empaneling a jury.   The common law record does not show that plaintiff in error was present at the trial or was represented by counsel, but from the bill of exceptions it appears he was represented by counsel, who examined and cross-examined witnesses, produced evidence and participated generally in the trial.   The bill of exceptions shows no demand for a jury and no objection to proceeding with the trial by the court.   A *mandamus* proceeding is an action at law and the parties to it have the right to have the issues of fact tried by a jury.   But this right may be waived. Such waiver need not be expressly stated but is implied if the parties proceed with the trial before the court without objection.   In *Washington* v. *Louisville and Nashville Railway Co.* 136 Ill. 49, (an action of trespass on the case,) the court heard evidence in the form of affidavits in regard to the execution of an agreement for settlement after suit was begun and fraud in procuring it and entered judgment in accordance with its terms.   The plaintiff insisted that she had been deprived of her right to a trial by jury of the controverted fact in regard to the validity of the agreement, but it was held that since she stood by and participated in the proceeding without objection, making no motion for a jury trial or suggestion that she was entitled to one, she could not be heard to complain for the first time in the Appellate Court.   In *Heacock* v. *Hosmer,* 109 Ill. 245, (a

proceeding under the Burnt Records act,) a decree was rendered against the defendant upon overruling her demurrer to the petition, and she insisted that the law was unconstitutional because it deprived parties of a trial by jury. .It was held that she was not in a position to raise this question because she did not ask for a jury in the circuit court, and as no jury was demanded the right of trial by jury was waived. These cases are not decisive of the question here, but the view expressed is in accordance with that of the Supreme Court of the United·States in *Phillips* v·. *Preston,* 5 How. 278, and *Kearney* v. *Case,* 12 Wall. 275, where the question was decided. In the latter case there was no express statement that the parties waived a jury; the language of the judgment showing that the cause came on for trial, certain counsel appeared for the plaintiff and certain other counsel for the defendants, and after hearing the pleadings, evidence and argument the court entered judgment. The court, citing *Phillips* v. *Preston, supra,* said that "it is almost a necessary inference where a party is present by counsel and goes to trial before the court without objection or exception he has voluntarily waived his right to a jury and must be held in this court to the legal consequences of such a waiver."

The plaintiff in error insists that a private right, only, is involved in this action, and that the relator could not maintain it in the name of the People of the State of Illinois. The purpose sought to be accomplished was the payment of the public funds held by the former treasurer into the municipal treasury. This was a public and not a private purpose. The relator had no direct interest in the fund. Where the remedy by *mandamus* is resorted to for the purpose of enforcing a purely private right, the person interested in having the right enforced is considered the real party in interest and must become the relator, but where the object is the enforcement of a public right the people· are regarded as the real party and the relator need not show

that he has any legal interest in the result. (*County of Pike* v. *People,* 11 Ill. 202; *City of Ottawa* v. *People,* 48 id. 233.) In either case the writ should run in the name of the People.

It is also insisted that the city having audited the report of the treasurer and approved his final account, the only remedy for the recovery of any money due it from the plaintiff in error is an action at law. The city is not estopped by the action of the city council in approving the treasurer's report containing a false claim of credit. (*Cumberland County* v. *Edwards,* 76 Ill. 544; *People* v. *Foster,* 133 id. 496.) The existence of a remedy upon an action at law against the plaintiff in error and his sureties does not exclude the right to the writ of *mandamus.* The statute in relation to *mandamus* provides (section 9) that the writ of *mandamus* shall not be denied because the petitioner may have another specific legal remedy, where the writ will afford a proper and sufficient remedy.

It is also contended that the writ will only be granted where there is a clear right to have the act performed by the respondent, and it is insisted that the relator's right is not clear because of the controversy in the evidence as to the facts. When it is said that the writ of *mandamus* will only be granted where the right is clear and unequivocal, the expression does not refer to the evidence in the case but to the facts as they are actually found to exist. If, upon the facts as the court finds them, the plaintiff has a clear and unequivocal right to have the duty performed by the respondent, the writ will be awarded regardless of the conflict in the testimony by which the facts are established.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*