(No. 13743.—Judgment affirmed.)

THE CITY OF ROCHELLE, Appellee, *vs.* AMELIA A. MC-CONAUGHY, Appellant.

*Opinion filed February 15, 1921.*

1. SPECIAL ASSESSMENTS—*effect where part of a street where sewer is to be laid has no water mains.* An ordinance providing for a sewer in a street one-half of which is not provided with water mains is not necessarily unreasonable, as the court has power, under section 52 of the Local Improvement act, to modify the assessment roll so that no lot shall be assessed more than it is benefited.

2. APPEALS AND ERRORS—*when right to trial by jury is deemed waived.* The right of the objector in a special assessment proceeding to a trial by jury must, on appeal, be deemed to have been waived, where the record shows she was present by her attorney, participated in the trial, offered evidence and made no demand for a jury, although the record shows no express waiver of a jury.

3. SAME—*Supreme Court cannot consider facts not shown by the record.* On appeal in a special assessment proceeding the Supreme Court cannot consider the facts of the case as recited in the brief but is limited to the facts as they appear from the record under review.

APPEAL from the County Court of Ogle county; the Hon. FRANK E. REED, Judge, presiding.

E. L. McCONAUGHY, for appellant.

F. J. TILTON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Ogle county confirmed a special assessment levied by the city of Rochelle to construct a sewer system in certain streets, and Amelia A. McConaughy, who had filed objections to the confirmation, has appealed.

The first two objections were that the ordinance is invalid, and the third that the petition, assessment roll, ordinance and estimate are otherwise defective. The fourth objection was: "The ordinance contains no guaranty that the sewer system as outlined in said ordinance will be a workable sewer system, and the property owners who are assessed have no guaranty that they will get an adequate return for their money, to be taken from them in the form of special assessment." The fifth objection was, that "the amount asked for * * * for legal and other objections is too great," etc. The sixth objection was that there is no assessment of benefits against the public as a public benefit.

There is copied in the record what purports to be a motion for leave to make the fourth objection more specific by alleging that the ordinance and assessment are unjust, unreasonable and arbitrary and that the property is not benefited by the proposed improvement. The motion is not included in the bill of exceptions and no action of the court in regard to it appears in the record. Upon the hearing, after the city had made a *prima facie* case by the introduction of the assessment roll, the appellant introduced two witnesses, of whom one testified to nothing material and the other testified as follows: "My name is William Lux, Sr., living in Rochelle, Illinois. My occupation is real estate and insurance, and I am familiar with the property and the streets along which the city of Rochelle is petitioning to lay a sewer. The property will be benefited by the sewer, but half of the street is without city water mains, and that part will not be benefited by the sewer without city water." This was all the evidence.

The ordinance provides for the construction of a sewer in Lincoln highway from 18 feet south of the south line of Lincoln highway (formerly known as Creston road) to a point 297 feet south of Tenth avenue, in Tenth avenue from Lincoln highway to Main street, and in Main street from Tenth avenue to Ninth avenue. To which of the

three streets the witness referred in his testimony does not appear. It does not appear that the objector owned any property along which no water main had been laid. An ordinance which provides for a sewer along a street the half of which is not provided with water mains is not necessarily unreasonable, for the court has power, under section 52 of the Local Improvement act, to modify the assessment roll so that no lot shall be assessed more than it is benefited.

Counsel for the appellant has made a statement of facts covering five pages of his brief, setting forth in ample detail the history of this improvement from the first public hearing to the confirmation of the assessment roll, describing the location of the streets, the water mains and the sewers, the character, condition, occupancy and use of the adjacent property, and perhaps all the facts necessary to be considered in determining the reasonableness of this ordinance. The difficulty is that none of these facts appear in the record and therefore we cannot consider them but are limited to the eight lines of the testimony of Lux.

No exception is taken to any ruling of the court except the final order of confirmation.

It is assigned for error that the court did not ask a jury waiver of the objector. The record shows no express waiver of a jury by the objector, but the bill of exceptions shows that she was present by her attorney, participated in the trial and offered evidence, making no demand for a jury nor objecting to a trial by the court. She is therefore presumed to have voluntarily waived her right to a trial by jury. *People* v. *Czaszewicz,* 295 Ill. 11.

The judgment must be affirmed.  *Judgment affirmed.*