Gustav Andeen, Administrator of the Estate of Gustav K. Andeen, Deceased, Constance Andeen, Executor of the Will of August Robert Carlson, Deceased, Plaintiffs-Appellees, v. Country Mutual Insurance Company, Bloomington, Illinois, Defendant-Appellant.

Gen. No. 65–67.

Third District.

May 9, 1966.

Rehearing denied July 7, 1966.

Donald A. Henss, of Moline, for appellant.

Lloyd A. Schwiebert, of Moline, and Eagle & Eagle, of Rock Island, for appellees.

ALLOY, J.

The cause before us involves an action by the insured, Gustav Andeen, Administrator of the Estate of Gustav K. Andeen, deceased, and Constance Andeen, Executor of the Will of August Robert Carlson, deceased, as plaintiffs against the insurer, Country Mutual Insurance Company, as defendant.

On September 22, 1963, a motor vehicle driven by Gustav Andeen in which his family was riding collided with a vehicle driven by a John Roxlau in Rock Island, Illinois. Roxlau was driving under the influence of intoxicating liquor and ran a stop sign. Andeen's father-in-law was killed as a result of the collision. His father received crushing chest injuries which confined him to his bed until his death on May 7, 1965. The son received a deep brain injury and the daughter incurred a crushed pelvis. Blood tests taken of Roxlau showed an alcoholic content of .181. Roxlau was indicted for reckless homicide and entered a plea of guilty.

There was no insurance on the vehicle being operated by Roxlau but Andeen was insured with defendant Country Mutual covering injuries and death caused by an uninsured motorist with limits of $30,000 for one claim and $60,000 for claims arising from one accident. This policy provided that a judgment should not be obtained against the uninsured motorist without the written consent of Country Mutual Insurance Company. The policy also provided that if any person injured by an uninsured motorist could not agree with the insurance company as to the liability of the uninsured motorist or as to the amount of damages, then the matter should be

settled by arbitration "upon written demand of such person or upon written demand of the company."

Plaintiffs were unable to arrive at any settlement with Country Mutual Insurance Company. Eleven months after the collision, on August 26, 1964, the insurance company offered to settle the death claim and the three injury claims for a total of $16,000. The insurance company was advised that the case appeared to be one which would justify the payment of the limits under the policy and that the offer was so low as to make further discussion useless. All right to recover damages under the dramshop law would have expired within one year of the collision (1963 Ill Rev Stats, c 43, § 135), that is, on September 22, 1964. Plaintiffs, therefore, filed suit against the uninsured motorist, John Roxlau, and also filed dramshop actions, on September 14, 1964. Plaintiffs gave Country Mutual Insurance Company written notice of the filing of the suit against Roxlau with copies of the various complaints and advised that according to their information, Roxlau did not have any insurance. The insurance company did not reply to this letter. It did not appear in the suit filed against Roxlau or defend the suit and made no written demand for arbitration. The case against Roxlau was set for hearing before the Rock Island County Circuit Court and notice of this hearing was sent to the insurance company specifically referring to the cases by number and reminding the company that plaintiffs had filed complaints in the cases and specifically setting forth that the suit against Roxlau had been set for hearing on October 30, 1964, at 2:30 p. m. and that plaintiffs would ask that judgment be entered against Roxlau and also expressly requesting the written consent of the company thereto. Again, the insurance company did not reply. It made no attempt to defend the suit nor did it ask for arbitration. It simply did nothing. At the hearing in the Circuit Court of the suit against Roxlau, evidence

360

was presented fully both as to the circumstances of the collision and as to the damages. Following introduction of such evidence, the Circuit Court entered a judgment for Gustav K. Andeen in the amount of $45,000 and for the wrongful death of August Robert Carlson in the amount of $31,251.75.

Following the entry of such judgments, the present action was commenced as against Country Mutual Insurance Company. The insurance company filed a motion to dismiss on the ground that the judgments against Roxlau were obtained without Country Mutual Insurance Company's consent. The motion was denied. In a memorandum opinion, the Circuit Court pointed out that Country Mutual Insurance Company had been given notice of the suit against Roxlau and of the hearing date but did nothing. The court stated that Country Mutual should either have consented to have the matter decided by the court, or if it desired arbitration, it should have demanded arbitration. Thereafter, Country Mutual Insurance Company filed an answer denying that Roxlau was intoxicated, denying that he pleaded guilty to the charge of reckless homicide, denying that plaintiffs were damaged as alleged, and denying that Roxlau was operating an uninsured vehicle. The insurance company also asked for a jury trial. The cause proceeded to trial before the court without a jury and plaintiffs introduced evidence of the circumstances of the collision and the damages including a complete transcript of the evidence presented in the original suit against Roxlau. Roxlau was called to the stand and testified that there was no insurance on the truck which he was operating at the time of the collision. The defendant insurance company presented no evidence contrary to the evidence presented by plaintiffs but called as its only witness an adjuster who testified with reference to the $16,000 offer to settle all the claims which was made some eleven months after the collision. At the conclusion of all the

361

evidence, both plaintiffs and defendant made motions for judgment as a matter of law. The court allowed plaintiffs' motion and entered judgment against Country Mutual Insurance Company for $60,000.

On appeal in this court, defendant contends that plaintiffs did not obtain "written consent" of the insurance company to proceed to judgment as against the uninsured motorist, as required by the policy; that the default judgment entered against the other driver did not determine the liability of plaintiffs' insurer under the policy; that the case should have been submitted to arbitration as provided in the policy; and that the trial judge should not have heard the issues of fact in face of the defendant's jury demand.

■ The first major contention of defendant insurance company is that it is not liable because it did not consent to the entry of judgment against the uninsured motorist Roxlau. The policy provision under consideration provides specifically:

> "This policy does not apply . . . to bodily injury to, or death of an Insured with respect to which such Insured or his representative shall, without the written consent of the Company . . . prosecute to judgment any action against any person . . . who may be legally liable therefor."

In the case before us, the insurance company was given written notice of the suit as against the uninsured motorist and was also given specific written notice of the trial date and was requested to consent to the prosecution of said suit to judgment. Country Mutual Insurance Company did absolutely nothing. In Levy v. American Automobile Ins. Co., 31 Ill App2d 157, 175 NE2d 607, where an insurance policy provided, as does the policy before us, that judgment could not be obtained as against an uninsured motorist without first obtaining the consent of the company, the company arbitrarily refused to

362

consent to such procedure and had denied responsibility under its policy. The court there stated, at page 164:

"There was an implied promise on the part of the Insurance Company that it would not unreasonably or arbitrarily withhold its written consent. The company gave no reason for its refusal to allow the plaintiffs to obtain a judgment against the uninsured motorist . . . Under these circumstances, the action of the company in arbitrarily withholding its written consent constitutes a violation of the implied provisions of the policy and consequently the exclusion clause is not a bar to this action."

 While it is true that at the time of the decision referred to, compulsory arbitration agreements were not valid under the laws of this state, the proposition for which the case is cited is still a valid precedent and neither an insurance company nor any other party can deliberately prevent the performance of a condition precedent to liability and then take advantage of such wrongful conduct to avoid responsibility under the contract.

The insurance company contention is also advanced that the judgments taken as against Roxlau are not binding on Country Mutual Insurance Company. In the case of Wert v. Burke, 47 Ill App2d 453, 197 NE2d 717, an action had been filed against an uninsured motorist and the insurance company sought to intervene on the ground that any judgment against the uninsured motorist would be binding on the company. The court in that case concluded that the judgment would be binding and permitted intervention and specifically stated, at page 456:

"It is clear from the foregoing cases that an insurance company which insures against injuries caused by an accident which arises out of the ownership or

■■■■■■■■■■■■■■■■■■■■

use of an uninsured automobile is within the requirement of the intervention act as one that will or may be bound by a judgment in an action brought by the insured against the owner or operator."

■ There is no provision in the policy before us specifically providing that a judgment entered as against an uninsured motorist is not binding upon the insurance company either as to liability or amount as is true in some recent policies. The uninsured motorist coverage developments are referred to in the Second Annual Negligence Law Forum sponsored by the Institute on Continuing Education of the Illinois Bar 1964 (at page 25) where the author states that some companies have recently inserted a provision which specifically makes the judgment not binding upon the insurer as to the amount of damages or on the question of liability unless the judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company. As we have indicated, no such provision appears in the policy before us. The judgments obtained against the uninsured motorist, under the circumstances in this case, are binding upon the defendant insurance company.

■ ■ Returning to the question of arbitration to which we have made reference in the course of this opinion, it is clear that arbitration agreements are valid under the law of this state. It is notable that in the policy involved in this case, arbitration is optional and not compulsory. The specific clause under consideration provides that if the person making a claim under the policy and the company do not agree as to the question of liability or as to the amount of payment "then, upon written demand of such person or upon written demand of the company" the matter or matters upon which the claimant or the company do not agree should be settled by arbitration in accordance with the rules of the American Arbitration Association. It is obvious that arbitra-

tion would only be instituted if either party makes a written demand for arbitration. It is also necessarily implied that a party desiring arbitration must demand arbitration within a reasonable time. The collision with which we are concerned occurred on September 22, 1963. The judgments were not entered against the uninsured motorist until over a year later on October 30, 1964. Neither the claimants nor the insurance company made any written demand for arbitration during that period. The judgment thereupon became binding on the insurance company under the precedents in this state, on October 30, 1964. No demand for arbitration was made until May 10, 1965, in conjunction with the present proceeding when no issues were in fact left to arbitrate. The optional arbitration provision with which we are concerned in this case is not the type of provision which was referred to in the Second Annual Negligence Law Forum to which we have referred above (at page 25), where the author states that for the purpose of such coverage a specific provision is recently made that, where the parties do not agree, the determination as to whether the insured is legally entitled to recover damages and the amount thereof shall be made by arbitration. In such case, arbitration is automatic and compulsory and is not optional. It is not conditioned on the making of a written demand for arbitration by either party.

■ The jury trial contention made by the insurance company is not consistent with the procedures undertaken by the insurance company in the course of the trial. Country Mutual Insurance Company proceeded to trial before the court without raising the point, which in itself would constitute a waiver of a jury trial (People v. Czaszewicz, 295 Ill 11, 128 NE 739). There is a serious question as to whether there was any question of fact upon which a jury could pass in the case.

■ The legislature of the state of Illinois has shown that the public policy of this state is to attempt to pro-

tect individuals from injuries and death as a result of collisions with uninsured motorists (Sobina v. Busby, 62 Ill App2d 1, 210 NE2d 769). Policy provisions involving uninsured motorists should be liberally construed to carry into effect the policy of the state to give full force and effect to such uninsured motorist provisions. Defendant insurance company was kept fully advised throughout the proceedings before us. It received written notice of the filing of the complaint and also specific written notice of the time for the hearing in the proceeding against the uninsured motorist. The company had every opportunity to defend the suit if it desired to do so or to demand arbitration if that is what it desired. The company did nothing. It did not ask for arbitration nor did it defend the suit against the uninsured motorist. It cannot take advantage of its own failure to act in order to avoid liability under the contract of insurance.

The judgments of the Circuit Court of Rock Island County were, therefore, proper and should be affirmed.

Affirmed.

CORYN, P. J. and STOUDER, J., concur.