PATRICIA RUTKOWSKI TUTHILL, Plaintiff-Appellant, *v.* STATE FARM INSURANCE COMPANY, Defendant-Appellee.

(No. 73-56; ■)

Fifth District—May 14, 1974.

Schooley and Hartman, of Granite City (William W. Schooley, of counsel), for appellant.

Reed, Armstrong, Gorman and Coffey, of Edwardsville (James E. Gorman, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Madison County, dismissing a complaint for arbitration filed by the plaintiff, Patricia Rutkowski Tuthill, against the defendant, State Farm Insurance Company.

The facts are not in dispute. The plaintiff was riding as a passenger in a car being driven by one Donald Patrick on May 7, 1966, in a southerly direction on Illinois Route 3, approaching the intersection with West Pontoon Road near Granite City, Illinois. As Donald Patrick approached the intersection, he began to manually operate his directional signals indicating his intention to make a left turn. Manual operation of the directional signal was necessary because it was not operating correctly. A Steve Jackson was operating his vehicle immediately to the rear of the Patrick automobile. Upon observing that the signals of the rear of the Patrick vehicle indicated a right turn at the intersection, Steve Jackson started to pass the Patrick automobile. But instead of turning right, Patrick made a left hand turn in front of Jackson who was passing on the left. A collision occurred and the plaintiff, Patricia R. Tuthill received severe facial injuries which required three operations.

At the time of the accident, Steve Jackson was uninsured. Edgar Patrick, the father of Donald Patrick, was insured with the Allstate Insurance Company. The plaintiff, Patricia R. Tuthill, was residing in the home of her father who was insured by the defendant, State Farm Mutual Automobile Insurance Company.

Plaintiff filed suit in the Circuit Court of Madison County against Donald Patrick, alleging wilful and wanton misconduct, and against Steve Jackson, alleging negligence. Plaintiff also scheduled the evidentiary deposition of Steve Jackson on August 4, 1966, and sent notice to the defendant, State Farm, inviting them to participate in the taking of the deposition. The defendant, State Farm, did not appear.

A dispute arose between Allstate and Edgar Patrick as to coverage of the car being driven by Donald Patrick that was involved in the accident. As a result of this dispute, Allstate filed a suit for declaratory judgment to determine its rights and obligations under the insurance policy issued to Edgar Patrick. On motion by the plaintiff, the Circuit Court of Madison County added, as party defendant, State Farm. Summons was served upon State Farm on July 8, 1969, and State Farm obtained an extension of time to plead until September 6, 1969. However, State Farm did not plead further in the action for declaratory judgment. On September 29, 1970, the Circuit Court of Madison County entered a judgment and opinion in the declaratory judgment suit between Patrick and Allstate, holding that the Patrick auto *was* insured by Allstate at the time of the accident.

Because of the uncertainty surrounding insurance coverage of the accident, plaintiff served notice of an uninsured-motorist claim upon the defendant State Farm on June 20, 1966, and on March 8, 1968.

Plaintiff's suit against Donald Patrick and Steve Jackson was scheduled for trial several times, but it wasn't until May 1, 1972, that a jury was selected. On May 2, 1972, the plaintiff and Donald Patrick, represented by Allstate, settled their dispute for the sum of $17,000. The cause is still pending against the uninsured Steve Jackson.

The insurance policy issued by the defendant, State Farm, to the plaintiff's father, Michael Rutkowski, contains the following exclusionary provision with respect to uninsured-motorist coverage:

> "Insuring Agreement III does not apply: (a) to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor * * *."

The policy also contains the following provision with respect to other uninsured-motorist coverage:

"14. Other insurance.

With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."

The Allstate insurance policy insuring the automobile in which the plaintiff was riding and its driver, Donald Patrick, contains the following provision concerning recovery by a person under the bodily injury liability coverage (Coverage A) and the uninsured-motorist coverage (Section II):

"If claim is made under this Section II and claim is also made against any person who is an insured under Coverage A of the policy on account of bodily injury sustained in an accident by a person who is an insured under this Section II:"

"2. any payment made under Coverage A to any claimant who is an insured hereunder shall be applied in reduction of any amount which he may be entitled to recover under this Section II."

The plaintiff then filed a complaint for arbitration in the Circuit Court of Madison County seeking to have the court enter an order determining the rights of the parties under the State Farm policy and, further, requesting that the court require the defendant to appoint an arbitrator, or, in the alternative, to appoint an arbitrator on behalf of the defendant. Subsequently, the defendant filed a motion to dismiss and, after both parties filed various exhibits in support of their contentions, the circuit court entered an order granting defendant's motion on each of two separate grounds:

"First, the plaintiff settled two independent claims which she had without the consent of the defendant and to the defendant's prejudice; and,

Second, Condition 14 precludes the further processing of an uninsured motorist claim against State Farm because State Farm's uninsured motorist coverage is excess to Allstate and because the State Farm uninsured motorist coverage limits do not exceed the applicable limits of the similar Allstate uninsured motorist coverage."

It is from this order that the present appeal is taken.

Plaintiff-appellant, Patricia R. Tuthill, first contends that an application of the exclusionary provision of the State Farm uninsured-motorist coverage to tort-feasors other than the uninsured motorist places a limitation

upon the statutory requirement for uninsured-motorist coverage in effect at the time of the accident (Ill. Rev. Stat. 1969, ch. 73, par. 755a) and therefore is void. That statute—section 143a of the Insurance Code—provides in part as follows:

"* * * [N]o policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued * * * unless coverage is provided therein or supplemented thereto, in limits for bodily injury or death set forth in Section 7—203 of the 'Illinois Motor Vehicle Law,' * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * because of bodily injury * * * resulting therefrom * * *."

■■ The purpose of this statutory provision requiring that every automobile liability policy shall contain uninsured-motorist vehicle coverage, to at least the same extent compensation was available for injury by a motorist who was insured in compliance with the Financial Responsibility Law (Ill. Rev. Stat. 1969, ch. 95½, par. 7A—101 et seq.), was

"* * * to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed was concerned, if the wrongful driver had had the minimum liability insurance required by the Financial Responsibilty Act." *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill.2d 1, 269 N.E.2d 295; *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill.2d 71, 269 N.E.2d 97; *Barnes v. Powell* (1971), 49 Ill.2d 449, 275 N.E.2d 377.

■■ The Illinois Supreme Court has also determined that the legislature's intent in requiring uninsured-motorist insurance is satisfied by coverage which meets the minimum standards specified by the Financial Responsibility Laws. (*Morelock v. Millers' Mutual Insurance Association* (1971), 49 Ill.2d 234, 274 N.E.2d 1.) Appellant argues that the policy of insurance issued by the defendant-appellee State Farm attempts to limit the protection provided, by requiring the policyholder to obtain the company's permission before settlement by the insured with all persons, not merely the uninsured motorist. Citing *Prosk v. Allstate Insurance Co.* (1967), 82 Ill.App.2d 457, 226 N.E.2d 498, appellant concludes that this provision places a limitation upon the plain meaning of the statute and is therefore void as it applies to persons other than the uninsured motorist, because any attempt by the insurer to dilute or diminish uninsured-motorist protection is contrary to public policy. However, a reading of *Prosk* indicates that it does not support appellant's conclusion. In *Prosk*, the plaintiff argued that the policy provision requiring "physical contact" for the "hit-

and-run" coverage to be effective was void as tending to dilute coverage and, therefore, in conflict with public policy as expressed in section 143a of the Insurance Code. The court in *Prosk* was not impressed with this argument, and instead chose to uphold the "physical contact" requirement by concluding "that there is no conflict between the statutory term 'hit-and-run motor vehicle' and the policy requirement of 'physical contact of such automobile'". (82 Ill.App.2d at 461.) Thus, *Prosk* stands for the proposition that the terms of a policy will be upheld, even if they tend to preclude recovery in certain cases, so long as they are clear and reasonable, and not in conflict with the legislative intent.

The fundamental issue, therefore, still remains; that is, whether a provision in an uninsured-motorist indorsement excluding coverage where the insured, without the consent of the insurer, settles his claim against a tort-feasor other than the uninsured motorist is valid and enforceable. As the appellant has indicated, this issue is one of first impression in Illinois since there are no reported court decisions which have passed on the validity of an exclusionary provision such as is found in appellee's policy. In support of her contention that such a provision is void and unenforceable, appellant cites several decisions in other jurisdictions which have held very similar exclusionary provisions invalid as applied to a tort-feasor other than the uninsured motorist. (*Harthcock v. State Farm Mutual Automobile Insurance Co.* (S.Ct. Miss. 1971), 248 So.2d 456; *Michigan Mutual Liability Co. v. Karsten* (1968), 13 Mich.App. 46, 163 N.W.2d 670; *Guthrie v. State Farm Mutual Automobile Insurance Co.* (D.S.C. 1968), 279 F.Supp. 837 (applying Virginia law).) On the other hand, the appellee also cites decisions of *other* jurisdictions which are authority for the proposition that a provision in an uninsured-motorist indorsement excluding coverage where the insured, without the consent of the insurer, settles his claim with a tort-feasor other than the uninsured motorist is valid and enforceable. (*Kisling v. M.F.A. Mutual Insurance Co.* (Mo.App. 1966), 399 S.W.2d 245; *LaBove v. American Employers Insurance Co.* (La.App. 1966), 189 So.2d 315.) Thus, there appears to be a division of authority as to the validity of such exclusionary provisions in other jurisdictions. While those decisions are not binding upon this court, the arguments made in those cases are the same kind of arguments presented by the appellant and appellee in this case and form the basis of our decision.

■■ Appellant argues that enforcement of the validity of the exclusionary provision would defeat the intent of section 143a and would permit the appellee insurance company to control appellant's access to the courts to seek redress for her injuries. She contends that, if she had requested permission to settle with Patrick and Allstate and if State Farm refused

permission, she would be forced to proceed to trial in order to protect her rights under the State Farm policy. According to the appellant, State Farm would in effect be controlling this litigation and requiring the appellant to gamble her claim against Patrick for the benefit of State Farm. This argument is without merit. The purpose of uninsured-motorist coverage was to provide *basic protection* to the injured insured in the event of injuries sustained in an automobile accident with an uninsured motorist to at least the same extent compensation was available for injuries sustained by an accident with a motorist insured in compliance with the Financial Responsibility Law. (*Ullman v. Wolverine, supra.*) In the opinion of this court that means, if basic protection is available from some other source, the uninsured-motorist coverage should not come into effect. The requirement in the State Farm policy that the insured obtain written consent from the insurer, before making any settlement with anyone who may be legally liable for the accident or forfeit coverage, was not designed to control the insured's access to the courts, but rather to protect the insurer's right of subrogation. Under the State Farm policy there is established a trust agreement, Insuring Agreement III—Condition 16, whereby State Farm, in the event of payment to the insured, is subrogated to the rights of the insured against all wrongdoers, and the insured agrees to protect State Farm's right of recovery. If this court were to decide as the appellant would have us decide, the following result might occur. An insured could be involved in a 10-car collision with nine other drivers, all jointly liable, one of whom had no insurance. Under appellant's theory the insured could then settle with the eight insured motorists and still process an uninsured-motorist claim against her own company. If the insured's company then paid the claim, it would be unable to secure reimbursement from anyone but the uninsured motorist. Such does not appear to have been the intent of the legislature in requiring uninsured-motorist coverage as basic protection in the event of an accident with an uninsured motorist.

■■ Balanced against appellant's argument that the exclusionary clause would allow the insurer to control her access to the courts are those decisions which have held that an insured could not arbitrarily and without reason withhold its consent to suit or settlement with the uninsured motorist. (*Levy v. American Automobile Insurance Co.* (1961), 31 Ill. App.2d 157, 175 N.E.2d 607; *Andeen v. Country Mutual Insurance Co.* (1966), 70 Ill.App.2d 357, 217 N.E.2d 814, *cert. denied,* 385 U.S. 1036, *rehearing denied,* 386 U.S. 939.) It was also recognized in these cases that where it could be shown that an insurer *did* arbitrarily and without reason withhold its consent to a settlement, such action would be held to have been a waiver of the consent requirement. (*Levy v. American Automobile*

*Insurance Co.*, 31 Ill.App. at 164; *Andeen v. Country Mutual Insurance Co.*, 70 Ill.App.2d at 363.) Since the exclusionary provision in question in the case at bar required written consent with any person who may be legally liable for the injury, we feel that the holding in the cases cited above apply with equal weight to insured motorists with whom the insured might wish to settle. Therefore, the appellant in the case at bar, and other persons similarly situated, are protected should the insurer attempt to use the written consent requirement of the exclusionary provision to control her access to the courts. And thus her argument that such a clause would enable State Farm to control this litigation is untenable.

Finally it should be emphasized that the words of the exclusion are clear and unambiguous. It stated that "Insuring Agreement III does not apply: (a) to bodily injury to an insured * * * recoverable by an insured, with respect to which such insured * * * shall, without written consent of the company, *make any settlement with any person * * * who may be legally liable therefor * * *.*" The exclusion means precisely that and there are no limitations or restrictions expressed or implied that would lead to an interpretation that a settlement with an insured motorist is excluded. Thus, we adhere to the general rule that where language in an insurance policy is clear and unambiguous, it must be taken in its plain, ordinary and popular sense. (*Banner Insurance Co. v. Avella* (1970), 128 Ill.App.2d 471, 262 N.E.2d 791; *Swift & Co. v. London & Edinburgh Insurance Co.* (1970), 130 Ill.App.2d 68, 264 N.E.2d 389.) Construing an insurance contract accurately and giving it the effect which its language clearly commands is not ipso facto a breach of public policy merely because it disappoints the victim of an uninsured motorist. *Putnam v. New Amsterdam Casualty Co.*, 48 Ill.2d at 86.

■■ In conclusion, we emphasize that in two of the cases cited by the appellant as holding an exclusionary clause like the one before us void and unenforceable (*Guthrie v. State Farm Mutual Automobile Insurance Co., supra, Harthcock v. State Farm Mutual Automobile Insurance Co., supra*), the courts also held the "excess" or "other insurance" provision was an attempt by the insurer to limit or dilute the statutory requirement for uninsured-motorist coverage. (279 F.Supp. at 842; 248 So.2d at 462.) However, in Illinois, the legislative policy of providing basic coverage in cases involving accidents with uninsured motorists by requiring uninsured-motorist coverage has been held not to have been violated by "other insurance" provisions in the insurance policies. (*Tindall v. Farmers Automobile Management Corp.* (1967), 83 Ill.App.2d 165, 168, 226 N.E.2d 397. See *Putnam v. New Amsterdam Casualty Co., supra.*) With that in mind, we are of the opinion that the application of the exclusionary provision to tort-feasors other than the uninsured motorist is valid and that

it does *not* violate public policy nor place a limitation on the statutory requirement for uninsured motorist coverage in effect at that time.

Appellant next contends that even if we should determine that the exclusionary provision of State Farm's insurance policy is valid as applied to tort-feasors other than the uninsured motorist, which we have done, the appellee State Farm has by its actions waived the application of the exclusionary provision in this case. In support of her contention, appellant points to the facts that she served notice of an uninsured-motorist claim upon State Farm; that she invited State Farm to participate in taking the evidentiary deposition she scheduled with Steve Jackson pursuant to her lawsuit filed against him and Donald Patrick, but State Farm did not appear; and, that she had State Farm joined as a party defendant in the declaratory judgment suit between the Allstate Insurance Company and Donald Patrick to determine Allstate's rights and obligations under their insurance contract, but State Farm obtained an extension of time to plead and did not thereafter take any action in the proceedings. Based upon these factors, appellant argues that "State Farm was aware of the pendency of *the suit* by the plaintiff against Donald Patrick and Steve Jackson * * * but did not place the plaintiff, Allstate or Jackson on notice of its interest in any suit or settlement," and therefore State Farm waived the exclusionary provision. (Emphasis ours.) Appellant cites no cases to support her argument, and in light of the facts she presented, we find her argument untenable. We fail to see how notice of a pending lawsuit by the appellant against Steve Jackson and Donald Patrick would place State Farm on notice of a pending settlement between the appellant, Allstate, and Donald Patrick, such that the failure of State Farm to act would constitute a waiver of the application of the exclusionary provision. Had the plaintiff informed State Farm of the settlement negotiations or invited State Farm to participate in them and had State Farm then taken no action, we feel that appellant's argument would form a basis for a claim of waiver.

Illinois case law dealing with waiver of the exclusionary provision by the insurer, while not directly on point, seems to substantiate our findings. In *Levy v. American Automobile Insurance Co.* (1961), 31 Ill.App.2d 157, 175 N.E.2d 607, plaintiff's attorney notified the defendant insurance company of the possible existence of an uninsured motorist claim. Later, the defendant insurer was sent a copy of the summons and complaint in the case of *Levy v. Smith,* and the parties submitted to physical examinations as requested by the defendant. But, after a series of fruitless negotiations between the plaintiff and her insurer, the defendant insurer demanded that the dispute be settled by arbitration. Plaintiff's attorney declined to submit the dispute to arbitration since, under the express terms of the

policy, the defendant had no right to demand it. Judgment was then obtained against the uninsured motorist and upon receiving notice of the judgment, the defendant insurer claimed it was not obligated to pay because the judgment was obtained without its written consent as required by the policy. In a suit to enforce the judgment against the defendant insurer, the trial court held for the plaintiff. The appellate court affirmed, finding that the action of the company in arbitrarily withholding its written consent violated the terms of the policy and consequently the exclusionary provision would not bar recovery.

In *Andeen v. Country Mutual Insurance Co.* (1966), 70 Ill.App.2d 357, 217 N.E.2d 814, plaintiffs gave the defendant written notice of their action against an uninsured motorist and of the trial time and dates. They requested that the defendant insurer consent to prosecution of the action to judgment. The insurer was given every opportunity to defend the suit or demand arbitration of the matter pursuant to the policy provisions, but it did nothing. Under these circumstances, the appellate court affirmed the trial-court judgment entered against the insurer, even though the plaintiffs had obtained judgment against the uninsured motorist without written consent of the insurer as provided in the policy.

■■ It is important to note that in each of those cases where the Illinois courts, in effect, found a waiver of the exclusionary provision, the insurer was given every opportunity to participate in settlement negotiations or to consent to prosecution of the action against the uninsured motorist to judgment. However, in *Levy,* the insurer arbitrarily withheld its written consent and, in *Andeen,* the insurer chose to ignore its insured's attempts to have it take part in the action. We have none of these situations in the case at bar. Here, State Farm was merely notified of an uninsured-motorist claim, invited to participate in the taking of an evidentiary deposition, and joined in a declaratory judgment suit to determine the rights and obligations of the parties to an insurance contract that was not even its own. However, the insurer was *not* notified of, or invited to participate in the settlement between the appellant, Allstate, and Donald Patrick. Under these circumstances, we are of the opinion that State Farm did not waive the written consent provision of the exclusionary clause because it was never given an *opportunity* to consent to the settlement.

Thirdly, appellant argues that State Farm must show prejudice because of the settlement before claiming the benefit of the exclusion. In support of this contention appellant cites *Kaplan v. Phoenix of Hartford Insurance Co.* (Fla. 1968), 215 So.2d 893. That case involved a situation where the plaintiff was riding as a passenger in an automobile insured by the defendant, which was involved in an accident with two other cars. The driver of one was insured, while the driver of the other car was uninsured.

Plaintiff settled with the insured driver and then sought to recover against the defendant on an uninsured-motorist claim. The defendant sought declaratory relief as to its rights and liabilities under the policy, and alleged that plaintiff's settlement without written consent of the company as required by the policy was a breach of the policy conditions. Plaintiff raised a defense of lack of prejudice to the defendant, which was sustained by the court.

But again, there are cases in other jurisdictions which are contrary to the one cited by the appellant. In *Travelers Indemnity Co. v. Kowalski* (1965), 233 Cal.App.2d 607, 43 Cal. Rptr. 843, the defendant was involved in an accident with an uninsured motorist. Without written consent of the plaintiff, his insurer, he filed suit and prosecuted to judgment his claim against the uninsured motorist. Thereafter he invoked the uninsured-motorist provision of his policy and sought arbitration of his claim. The insurer brought an action seeking a declaratory judgment that the defendant had no right to assert a claim because he did not comply with the policy requirement of written consent. The trial court found that the plaintiff insurer had not been prejudiced by the defendant's action and concluded that the defendant was entitled to arbitration of his claim. On appeal, the judgment of the trial court was reversed. The appellate court was not impressed with the defendant's argument that the insurer should be required to show some prejudice before it claimed the benefit of the exclusion. Pointing to the language of the exclusionary provision, which was identical to that in the case at bar, the appellate court held that the policy must be construed according to its plain and ordinary meaning, and when it is unambiguous it must be given effect.

We adhere to the ruling of the California court and adopt its reasoning. Again we wish to emphasize that the purpose of the exclusionary provision is to protect the subrogation rights of the insurance company, and where the language of the exclusionary provision is clear and unambiguous, we will enforce its requirements.

Furthermore, it surely cannot be argued that the insurer was not prejudiced by the settlement in the case at bar. Contrary to appellant's argument, the facts indicate that a verdict against both Steve Jackson and Donald Patrick was entirely possible. The actions of the appellant completely foreclosed any and all rights of subrogation and reimbursement that State Farm had or would have had against Donald Patrick and Allstate for their liability if this case was to go to arbitration and it was determined that State Farm must honor appellant's uninsured-motorist claim. Therefore, we hold that State Farm need not show prejudice because of the settlement, before claiming the benefit of the exclusionary provision.

Finally, appellant argues that the "other insurance" provision of State Farm's insurance policy is not applicable. The "other insurance" provision provides that:

"With respect to bodily injury to an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant and this insurance shall then apply only in an amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."

The Allstate policy which insured the automobile in which plaintiff was riding as a passenger and its driver, Donald Patrick, contains the following provision concerning recovery by a person under the Bodily Injury Liability Coverage (Coverage A) and the Uninsured Motorist Coverage (Section II):

"If claim is made under this Section II and claim is also made against any person who is an insured under Coverage A of the policy on account of bodily injury sustained in an accident by a person who is an insured under this Section II:

2. any payment under Coverage A to any claimant who is an insured hereunder shall be applied in reduction of any amount which he may be entitled to recover under this Section II."

Appellant argues that the $17,000 paid to her by Allstate on behalf of Donald Patrick was paid pursuant to Coverage A (the Bodily Injury Liability Provision) of the Allstate policy, and since that amount was in excess of the policy limit of $10,000, it precludes any payment under the uninsured-motorist provision of the Allstate policy. She therefore concludes that because there is no uninsured-motorist coverage available under the Allstate policy, the "other insurance" provision of the State Farm policy is not applicable.

■■ We find this argument of the appellant equally untenable. The $17,000 paid to the appellant by Allstate was not paid pursuant to Coverage A, the Bodily Liability Provision of the Allstate Policy, but was paid as part of a settlement agreement whereby the appellant signed a covenant not to sue Donald Patrick and the Allstate Insurance Company in return for the money. Therefore the money was paid to release the uninsured-motorist claim under the policy, as well as the Patrick liability claim. Furthermore, the State Farm "other insurance" provision provided that uninsured-motorist coverage would apply only in the amount by which its limit exceeded the limits of the other such available insurance. Since the Allstate policy was in the amount of $10,000 and State Farm's policy was in that same amount, there could be no further action against State

Farm because the State Farm coverage did not exceed the applicable limit of the Allstate coverage.

We, therefore, hold that the findings of the circuit court were correct and the respondent's motion to dismiss was properly allowed.

Judgment affirmed.

JONES and CREBS, JJ., concur.